DONATO MARCONE, ADMINISTRATOR OF THE ESTATE OF JOSEPH MARCONE, DECEASED, RESPONDENT, v. NEW YORK CENTRAL RAILROAD COMPANY, APPELLANT.

Argued October 23, 1928—Decided February 4, 1929.

For the appellant, *Wall, Haight, Carey & Hartpence.*

For the respondent, *Alexander Simpson.*

The opinion of the court was delivered by

LLOYD, J.   This is an appeal by the defendant from a judgment in favor of the plaintiff in the Hudson County Circuit Court.   The action was under the Federal Employers' Liability act to recover damages for the death of an employe claimed to be due to the negligence of the defendant while deceased was in interstate commerce employment.   In addition to certain alleged trial errors appellant contends that the case should have been controlled by the court through nonsuit on two grounds:   (1)   that the deceased was not at the time

in interstate commerce; and (2) even if he were, that no negligence was shown.

Deceased was one of a gang of men whose duties were to make minor repairs on engines and to lubricate the engine boxes and grease cups. He had been at this work for approximately a year. On July 27th, 1926, he began work at seven o'clock in the evening and his duties were to end at three o'clock the following morning. He worked on a number of engines during the night, the last one of which appears to have been No. 3825, an engine in interstate commerce. At two-fifteen o'clock of that morning he was told by his foreman to finish his work on that engine and wait there for further orders. While standing on or near track designated as number 8, he was struck and killed by engine No. 3709 backing out of the roundhouse without warning. No one saw the deceased when he was killed nor did any one actually see what he was last doing.

It is claimed by the appellant that in this situation there was no proof that at the time of the accident his work on engine No. 3825, which was used in interstate commerce, had not been finished, and that plaintiff's proofs failed to establish any negligence in the defendant.

We think there was sufficient evidence in the case to justify a finding that he was engaged in interstate commerce when killed. He had been told to finish his work on an engine in interstate commerce. His duties generally were in both interstate and intrastate commerce; his hours of duty had not yet expired and when last seen, but a few minutes before his death, he was at work on this particular engine. The case could not, therefore, have been withdrawn from the jury on this ground.

As to the contention that there was no negligence shown, the specific negligence alleged in the complaint and upon which the court submitted the case to the jury was that engine No. 3709 was moved without warning in disregard of a posted notice that it would be moved at three o'clock; that it was actually moved out of the roundhouse between two-twenty and two-thirty o'clock; and that the hour of its movement was posted for the express purpose of apprising the workmen when

468

it would be moved. It seems to have been established that a whistle was blown and the bell was rung on the engine, but the evidence is that this as a warning was inadequate because whistles and bells were sounding "around there" at all times. The engine backed out of the roundhouse in advance of the time posted with no one on its rear end. In view of the premature movement of this engine in a backward position without guard on its rear at a time when deceased had reasonable ground to believe that it would not be moved, it was permissible for a jury to infer that the defendant had not performed the full measure of its duty to the deceased.

The rulings on evidence and the portions of the charge complained of are not we think subject to just criticism, nor do they call for discussion in this opinion.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, KATZENBACH, LLOYD, VAN BUSKIRK, McGLENNON, DEAR, JJ. 8.

*For reversal*—PARKER, CAMPBELL, HETFIELD, JJ. 3.