NICHOLAS RIBAUDI, APPELLEE-RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT-PETITIONER-PROSECUTOR.

Submitted January 27, 1934—Decided March 27, 1934.

Before Justices CASE, BODINE and DONGES.

For the appellee, *DeFazio & Beronio* (*John W. Ockford*).

For the appellant, *Frederic B. Scott.*

BODINE, J. The writ brings up an award in a compensation case affirmed on review in the Court of Common Pleas.

The railroad seeks to have the award set aside solely because at the time the injuries were sustained, the employe was engaged in interstate commerce within the meaning of the Federal Employers' Liability act. Since the question of whether employment is in inter or intrastate commerce is always a troublesome one, since it must depend upon the facts in each particular case, the federal statute has been justly criticised as cumbersome and inadequate. 47 *Harvard Law Review* 389. However unhappy the result, the distinction is one of fundamental law and must be observed. Once an employe is engaged in work of an interstate character, he must seek compensation under the Federal act, although the state would afford him a speedier and more convenient forum for his recovery. *New York Central Railroad Co.* v. *Porter,* 249 *U. S.* 168; *Rounsaville* v. *Central Railroad of New Jersey,* 90 *N. J. L.* 176; 101 *Atl. Rep.* 182.

The injured workman was employed by the railroad company as a tool checker, his duties being to service locomotives. At the time of his injuries he was sent to service an engine

to be used in interstate commerce. The engine was some blocks from the roundhouse, where he usually worked. On his way he stopped at the railroad milk platform to get a bottle, to be later used as a container for coffee, which he intended to buy after his work on the engine was completed if, in the meantime, no other engines had come into the roundhouse. While he was standing at the milk platform he was struck by a train.

It is manifest that although the employe had serviced, during his working hours, interstate as well as intrastate engines, still the work which he was next to do was of an interstate character. The servicing of an engine to be used in interstate commerce brought the employment within the purview of the interstate classification and the federal statute. *Marcone* v. *New York Central Railroad Co.,* 105 *N. J. L.* 466; 144 *Atl. Rep.* 635; 281 *U. S.* 345; 50 *Sup. Ct.* 294. If the injury arose out of, and in the course of, any employment, it was of an interstate character. The award under the state statute must therefore be set aside.

The judgment below will be reversed.