GEORGE A. ROUNSAVILLE, RESPONDENT, v. THE CENTRAL RAILROAD OF NEW JERSEY, APPELLANT.

Submitted December 6, 1915—Decided June 18, 1917.

The Federal Employers' Liability act, within its scope, viz., interstate commerce, deals with the same subject that is dealt with by the New Jersey Workmen's Compensation act under which the duty of an employer to make compensation to an employe for injuries arising out of the employment may exist independently of the negligence of the employer; whereas, the federal statute makes such duty to depend upon such negligence and excludes the existence of such duty in the absence of negligence. The federal act being thus comprehensive, both of those cases in which it excludes liability and of those in which it imposes it, ousts the Courts of Common Pleas of this state of jurisdiction under the New Jersey Workmen's Compensation act to award the compensation to be paid by a carrier to its employe for injuries received by the latter while both were engaged in interstate commerce.

---

On appeal from the Supreme Court, whose opinion is reported in 87 *N. J. L.* 371.

For the appellant, *Charles E. Miller.*

For the respondent, *Elinor R. Gebhardt.*

The opinion of the court was delivered by

GARRISON, J. The respondent, a brakeman on the appellant's train under a contract made in this state, was injured in the course of his employment in Pennsylvania while appellant and he were engaged in interstate commerce. His petition to the Common Pleas of Warren county for compensation under the New Jersey Workmen's Compensation act was dismissed by Judge Roseberry upon the ground that the enactment by congress of the Federal Employers' Liability act prevented the application of state legislation to an injury received in the course of interstate commerce.

Upon appeal the Supreme Court held that this was not so and the judgment of the Pleas was reversed. *Rounsaville* v. *Central Railroad Co., 87 N. J. L.* 371.

From the judgment of the Supreme Court this appeal was taken and argued before this court at the November term, 1915.

The decision of this appeal was held awaiting the decision by the Supreme Court of the United States of the case of Erie Railroad Co. *v.* Winfield, which involved precisely the questions.

That decision has now been promulgated in an opinion filed by Mr. Justice Van Devanter (not yet officially reported), in which it is held that "the Federal act (Employers' Liability act) proceeds upon the principle which regards negligence as the basis of the duty to make compensation and excludes the existence of such a duty in the absence of negligence, and that congress intended the act to be as comprehensive of those instances in which it excludes liability as of those in which liability is imposed."

A further question decided was whether or not under the New Jersey Workmen's Compensation act the interstate carrier might become bound contractually to make compensation to an employe, even though such injury came within the Fed-

eral act as above construed. Upon this question Mr. Justice Van Devanter says: "It is beyond the power of any state to interfere with the operation of that act (Federal Employers' act), either by putting the carriers and their employes in interstate commerce to an election between its provisions and those of a state statute, or by imputing such an election to them by means of a statutory presumption."

This decision by the highest federal court as to the construction of a federal statute is binding upon this court and leads to the reversal of the judgment brought up by this appeal and the affirmance of the judgment of the Common Pleas of Warren county.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   11.