## BRADFORD ELECTRIC LIGHT CO., INC., v. CLAPPER, ADMINISTRATRIX.

No. 423. Jurisdictional statement submitted November 23, 1931.— Decided December 7, 1931.

*Messrs. Wm. E. Leahy* and *George T. Hughes* were on the brief for appellant,

*Mr. John E. Benton* was on the brief for appellee.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

This action was brought in the Superior Court of New Hampshire by the respondent, a citizen of that State, to recover damages for injuries resulting in the death of the respondent's intestate, upon the ground of the negligence of his employer, the defendant (appellant and petitioner here). The case was removed to the District Court of the United States for the District of New Hampshire. The defendant is a corporation organized under the laws of Vermont and is engaged in supplying electric current in both Vermont and New Hampshire. It appeared that the respondent's intestate was a resident of Vermont and received his injuries in New Hampshire in the course of his employment. The contract of employment was made in Vermont and the defendant contended that the parties were bound by the Workmen's Compensation Act of Vermont and that the acceptance of the provisions of that Act was a bar to the common law action. Upon appeal from the judgment in favor of the respondent, the Circuit Court of Appeals first sustained the defense and directed reversal, but on rehearing affirmed the judgment. The court said that its attention had been called to the fact that the defendant had accepted the Workmen's Compensation Act of New Hampshire which reserved to the employee or his legal representative an action at law for death caused by negligence; " that no contract made in Vermont purporting to release an employer from liability for future negligence can bar an action brought in New Hampshire for an injury there sustained, and thus change the public policy of New Hampshire." 51 F. (2d) 992, 999, 1000. As the decision of the Circuit Court of Appeals was not against the validity of the statute of Vermont, the ap-

peal to this Court must be dismissed for the want of jurisdiction. *Public Service Commission of Indiana* v. *Batesville Telephone Co., ante,* p. 6; *Baxter* v. *Continental Casualty Co., post,* p. 578.

The question is presented whether, as an appeal has been taken, the petition for writ of certiorari can be entertained. Section 240 of the Judicial Code as amended by the Act of February 13, 1925 (c. 229, 43 Stat. 936, 938, 939; U. S. C., Tit. 28, § 347), provides:

"Sec. 240. (a) In any case, civil or criminal, in a circuit court of appeals, or in the Court of Appeals of the District of Columbia, it shall be competent for the Supreme Court of the United States, upon the petition of any party thereto, whether Government or other litigant, to require by certiorari, either before or after a judgment or decree by such lower court, that the cause be certified to the Supreme Court for determination by it with the same power and authority, and with like effect, as if the cause had been brought there by unrestricted writ of error or appeal.

"(b) Any case in a circuit court of appeals where is drawn in question the validity of a statute of any state, on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, and the decision is against its validity, may, at the election of the party relying on such state statute, be taken to the Supreme Court for review on writ of error or appeal, but in that event a review on certiorari shall not be allowed at the instance of such party, and the review on such writ of error or appeal shall be restricted to an examination and decision of the federal questions presented in the case.

"(c) No judgment or decree of a circuit court of appeals or of the Court of Appeals of the District of Columbia shall be subject to review by the Supreme Court otherwise than as provided in this section."

The question is whether the general authority of this Court, under paragraph (a) of this section, "in any case

. . . in a circuit court of appeals . . . to require by certiorari " that the cause be certified to this Court for determination, is limited in a case like the instant one by the concluding clause of paragraph (b). Under the latter paragraph an appeal [1] may be taken to this Court " at the election " of the party relying on the state statute the validity of which has been denied by the decision of the circuit court of appeals on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, and " in that event " a review on certiorari is not to be allowed at the instance of such party. This provision is in obvious contrast with that of § 237 (c) of the Judicial Code as amended by the Act of February 13, 1925, U. S. C., Tit. 28, § 344 (c), relating to appeals from judgments of state courts and providing in such cases that papers on an appeal improvidently sought may be treated as a petition for certiorari. But the event to which the limitation of § 240 (b) applies, in the case of appeals from the circuit court of appeals, is that an appeal will lie as provided and has been taken. If the case is one in which the circuit court of appeals has not denied validity to a statute of a State upon the ground specified, no appeal will lie and the bringing of the appeal in such a case has no effect save to invite its dismissal. As this Court has no jurisdiction to entertain the appeal it leaves the parties as they were. There is no ground for concluding that it was the intent of the Congress to penalize a party by depriving him of a right granted because he had made a mistake in asserting a right not granted. Accordingly, we conclude that in a case in a circuit court of appeals, where no appeal lies, although one has been improvidently taken, application may be made for a writ of certiorari under § 240 (a). The application must be made within

---

[1] Writ of error was abolished by the Act of January 31, 1928, c. 14, 45 Stat. 54, as amended by Act of April 26, 1928, c. 440, 45 Stat. 466; U. S. C., Tit. 28, §§ 861a, 861b,

the time limited. Act of February 13, 1925, § 8; U. S. C., Tit. 28, '§ 350. It was so made in this case.

The petition for writ of certiorari is granted.

*Appeal dismissed. Writ granted.*