### CONSTANTI MIGUES'S CASE.

Suffolk.    October 3, 1932. — January 3, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Extraterritorial injury, Findings by Industrial Accident Board, Certification, Review, Appeal. *Jurisdiction. Constitutional Law*, Full faith and credit.

One, who made a contract of employment in this Commonwealth and did not then reserve his rights under any law to redress for personal injuries arising out of and in the course of his employment, and who

in 1929 sustained such an injury in Rhode Island, where his employer had sent him to work, was, under G. L. c. 152, §§ 24, 26, as amended by St. 1927, c. 309, §§ 2, 3, entitled to compensation under said chapter, the insurer being credited with compensation previously paid by it to him in proceedings under the laws of Rhode Island. Following *McLaughlin's Case*, 274 Mass. 217.

Proceedings before the Industrial Accident Board under the workmen's compensation act are informal; and where, upon appeal from a decree of the Superior Court awarding compensation, it appeared that the insurer theretofore had not questioned the existence of certain necessary facts which were not specifically set forth in the certification by the board, this court assumed that those facts had been found by the board and *held* that there was no merit in a contention by the insurer that the certification did not show sufficient facts to support the decree.

CERTIFICATIONS to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to an employee, and of a decision fixing the fair value of services rendered to the employee by his physician and ordering that that sum be paid to him by the insurer.

Material facts are stated in the opinion. In the Superior Court, by order of *F. T. Hammond*, J., decrees were entered in accordance with the board's decisions. The insurer appealed from each decree.

*H. F. Tracy*, for the insurer.

*S. B. Horovitz*, (*B. A. Petkun* with him,) for the claimants.

WAIT, J. These two cases were argued together. There is no dispute that the decree for the physician must be affirmed if the employee is entitled to a decree.

The employee's case is governed by the decision in *McLaughlin's Case*, 274 Mass. 217. It was there decided that an employee, hired in Massachusetts, was entitled to compensation under G. L. c. 152 (the workmen's compensation act), if he were sent to work in New Hampshire, were there injured, and there accepted compensation under the New Hampshire law and gave a release to the insurer of all demands; provided he had not given notice as required by § 24 of that chapter, as amended by St. 1927, c. 309, § 2, reserving his rights at common law or by statute in New Hampshire. It was also decided that proceeding to claim and taking compensation in New Hampshire were not

notice of reservation of rights under New Hampshire laws sufficient to meet the requirements of § 24, as amended, with respect to notice.

In the cases before us the employee was hired in Massachusetts, sent to work in Rhode Island, injured there, accepted compensation complying with Rhode Island law and has received from the same insurer who insured the employer in Massachusetts $14 per week since October 16, 1929, the date of his injury. He gave no notice of reservation of rights under any law at the time of hiring. Following the decision in *McLaughlin's Case*, the single member, and, on review, the Industrial Accident Board, awarded the employee compensation in $18 per week from October 16, 1929, to continue under the act, but giving credit for the amount received under the Rhode Island agreement; and awarded a stated sum to the physician. Decrees in accord therewith were entered by the Superior Court.

We are unable to see any valid distinction from the *McLaughlin* case. Since late in 1927, § 24, as amended by St. 1927, c. 309, § 2, has provided that "An employee of an insured person shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury therein occurring, to recover damages for personal injuries if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such right . . . ." Massachusetts has assumed exclusive jurisdiction of rights to compensation where the contract of employment is made here and no notice in writing of claim of rights is given. Her Industrial Accident Board and her courts are not bound by the acts of any other jurisdiction; and, by § 46 of the act, "No agreement by any employee to waive his rights to compensation shall be valid." In *McLaughlin's Case* and in the decree before us provision is made against double recovery from the same insurer. The Rhode Island proceeding has no standing in law. *Bradford Electric Light Co. Inc.* v. *Clapper*, 284 U. S. 221. *S. C.* 286 U. S. 145.

There is no merit in the insurer's contention that enough does not appear to show that the decrees can be sustained.

The facts stated as agreed in the report of the single member do not include the dates of the employment and of the different happenings other than the date of the injury; nor does the report set out findings with regard to them, or that the employee did not in writing claim a reservation of rights. Proceedings before single member and reviewing board are informal. The decisions of both single member and board in review assume the truth of the contention that no claim in writing was made at the time of the employment, that the employer was insured, that the hiring occurred after § 24 and § 26 were in force in the form appearing in the Tercentenary Edition, so far as material to the questions here determined. No hint appears that these facts were questioned until the cases reached this court. We assume the finding of the basis of facts on which the *McLaughlin* case was thought to be controlling.

It follows that the order must be in each case

*Decree affirmed.*