BUTLER *v.* LEE BROTHERS TRUCKING CONTRACTORS.

4-7274                                              178 S. W. 2d 58

Opinion delivered February 28, 1944.

*Bob Bailey, Sr.,* and *Bob Bailey, Jr.,* for appellant.

*J. M. Smallwood,* for appellee.

SMITH, J. Lee Bros. operate several partnership businesses, having no connection with each other. One of these firms, operating under the name of Lee Bros. Trucking Company, has for several years been engaged in the general contracting business, and in that capacity entered into a contract with the Federal Government to do some work at Pando City, Colorado, during the spring and summer of 1942. A crew of laborers was recruited at Russellville, in this state, and among the number were John Kinslow, Bruce Brook and appellant, Mancel Butler. These men all reported for employment in Colorado, and sustained injuries while employed there. Claims for

these injuries were presented to the Colorado Compensation Commission, and allowances were made as provided by the statutes of that state.

These men returned to Arkansas and presented claims before the Workmen's Compensation Commission of this state, and their claims were disallowed. Butler alone appealed to the circuit court, where the finding of the commission was affirmed, and Butler has appealed from that judgment.

The commission made elaborate findings of fact, which led to the declaration of law that it was without jurisdiction to hear and dispose of the claim. This finding and award is defended upon three grounds, but we find it necessary to consider only one of these, as, in our opinion, it is conclusive of the claim.

The commission found the fact to be that pursuant to the award of the Colorado Workmen's Compensation Commission, Butler began drawing compensation at the rate of $14 per week, which payments were made in Colorado from June until September, when Butler returned to this state, where payments were continued under this award until December 25. Thereafter Butler filed a claim with the Compensation Commission of this state. It appears that the law of this state provides for a larger compensation than does the law of the state of Colorado for an injury, such as Butler received.

A recent decision by the Supreme Court of the United States in the case of *Magnolia Petroleum Company, Petitioner,* v. *Sullivan H. Hunt,* delivered December 20, 1943, 320 U. S., p. 430, 64 S. Ct. 208, is decisive of this case and sustains the action of the commission in this state in refusing to take jurisdiction of this claim.

There, an employee of the petroleum company was employed in Louisiana in connection with the drilling of an oil well. He was sent by his employer from Louisiana to Texas, and while working there sustained an injury. He sought and procured an award in Texas under the Workmen's Compensation Law of that state, and payments were made there as required by the Texas stat-

utes on this award. He returned to Louisiana and brought proceedings to recover compensation under the Workmen's Compensation Law of that state, and an award in his favor was affirmed by the Court of Appeals of Louisiana (10 So. 2d 109), which was reversed on the appeal to the Supreme Court of the United States in the case above cited.

It was held by the Supreme Court of the United States, on this appeal, that the full faith and credit clause, art. IV., § 1, of the Constitution of the United States, applied to findings and awards by these commissions, as well as to judgments and decrees of courts, and that, "the Texas award, being a bar to any further recovery of compensation for respondent's injury, is, by virtue of the full faith and credit clause, exclusive of his remedy under the Louisiana Act."

In reaching this conclusion it was there said: "If an employee employed in one state but injured in another has a different cause of action for compensation in each state because each has its own compensation statute, it could as well be argued in any case where plaintiff has recovered a judgment in one state, and seeks a second recovery in a second state for the same injury, that he is suing upon a second and different cause of action. But it has never been thought that an actionable personal injury gives rise to as many causes of action as there are states whose laws will permit a suit to recover for the injury or that despite the full faith and credit clause the injured person, more than one entitled to recover for breach of contract, could go from state to state to recover in each damages or compensation for his injury. A judgment in tort or in contract is not immune from the requirement of full faith and credit because the successful plaintiff could have maintained his suit under the law of other states and have secured a larger recovery in some, or because the jurisdiction of the court in one state to hear the cause may depend upon some facts different from the facts necessary to sustain the jurisdiction in another. Cf. *Baltimore Steamship Co. v. Phillips, supra* [274 U. S. 316, 47 S. Ct. 300, 71 L. Ed.

1069]; *Eldred* v. *Bank*, 17 Wall. 545, 21 L. Ed. 685; *Wabash R. R. Co.* v. *Hayes, supra* [234 U. S. 86, 34 S. Ct. 729, 58 L. Ed. 1221]; *Kenney* v. *Supreme Lodge, supra* [252 U. S. 411, 40 S. Ct. 371, 64 L. Ed. 638, 10 A. L. R. 716]. And we cannot say that a workmen's compensation award for injury stands on any different footing. In fact, *Chicago, Rock Island & Pac. Ry. Co.* v. *Schendel, supra* [270 U. S. 611, 46 S. Ct. 420, 70 L. Ed. 757, 53 A. L. R. 1265], held that it did not, and we see no reason to depart from its ruling."

The judgment from which is this appeal is, therefore, affirmed.