McCartin and another, Respondents, vs. Industrial Commission and others, Appellants.

*March 15—April 12, 1946.*

For the appellants there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondents there was a brief by *Wilkie, Toebaas, Hart & Jackman* of Madison, and oral argument by *Lawrence E. Hart.*

BARLOW, J. This is a workman's compensation case. Leo Thomas Kopp, a resident of Illinois, was an employee of E. E. McCartin, an Illinois resident. Pursuant to a contract made in Illinois, Kopp agreed to work as a bricklayer on a building job in Beloit, Wisconsin, the job lasting about ten months, during which time Kopp drove back and forth between his home in Rockford, Illinois, and the building job in Beloit, Wisconsin. On May 5, 1943, while so employed on the Beloit job, Kopp suffered an injury to his left eye, resulting in a traumatic cataract. Both employer and employee were subject to the Wisconsin Compensation Act. On June 7, 1943, Kopp filed an application for adjustment of claim with the Industrial Commission of Wisconsin, and on July 20, 1943, filed application for adjustment with the Industrial Commission of Illinois. On November 29, 1943, a settlement contract, dated November 3, 1943, was filed with the Illinois commission, and on November 29, 1943, Kopp filed with the Illinois commission a petition for lump-sum payment. On December 3, 1943, the Illinois commission held a hearing on the application for lump settlement, and on that day indorsed its approval of the petition. December 7, 1943, full payment was made of compensation due under the Illinois Compensation Act, and on January 10, 1944, the Illinois commission issued a lump-sum settlement order. The Wisconsin commission held a hearing February 24, 1944, at which time the contention was

made that Wisconsin had no jurisdiction. April 18, 1944, after hearing, the examiner entered an interlocutory award holding that Wisconsin had jurisdiction, and ordering the payment of certain benefits but giving credit for the sums paid under the Illinois law, and making reservations not material here. The award of the examiner was affirmed by the Industrial Commission of Wisconsin May 15, 1944, which order and award were set aside by the circuit court.

It is undisputed that both the Industrial Commission of Illinois and the Industrial Commission of Wisconsin had jurisdiction to award compensation at the time of the injury. It appears that the law of this state provides for a larger compensation than does the law of Illinois for an injury such as Kopp received.

This court held in *Interstate Power Co. v. Industrial Comm.* (1931) 203 Wis. 466, 234 N. W. 889; *Salvation Army v. Industrial Comm.* (1935) 219 Wis. 343, 263 N. W. 349; and *Wisconsin Bridge & Iron Co. v. Industrial Comm.* (1936) 222 Wis. 194, 268 N. W. 134, that an award for compensation in another state would not preclude recovery of an award in Wisconsin; however, the amount of the award in the other state must be credited upon the Wisconsin award.

In one of these cases, *Salvation Army v. Industrial Comm., supra,* the employer was an Illinois corporation and the employee an Illinois resident who sustained a fatal injury in Wisconsin. The procedure approved in that case is the one that was followed here, and there would be no question about it being proper if it were not for the case of *Magnolia Petroleum Co. v. Hunt,* 320 U. S. 430, 64 Sup. Ct. 208, 88 L. Ed. 149, decided December 20, 1943, by the supreme court of the United States. There the employee Hunt was employed in Louisiana by the Petroleum Company in connection with the drilling of an oil well, and was sent by his employer from Louisiana to Texas, and while working there sustained an injury. Application for award was made in Texas under the Workmen's Compensation Law of that state, and the Texas

insurer began to make payments. Hunt then returned to his home in Louisiana and notified the insurer of his intention to claim under the statute of Louisiana. Four days later, without any request from Hunt, the Texas board notified him that a hearing would be held in Texas within two and a half weeks "to determine the liability of the insurance company under Texas law." Hunt did not participate in that proceeding. The Texas board made an award but, before this became final, Hunt declined to accept money under it and filed suit in Louisiana under the Workmen's Compensation Law of Louisiana. He recovered judgment for a larger amount than the Texas award, from which the Louisiana court deducted the sum he had already received from the Texas insurer. On appeal, the supreme court of the United States held that the full-faith-and-credit clause, sec. 1, art. IV, constitution of the United States, applied to findings and awards by commissions as well as judgments and decrees of courts, and that "The Texas award, being a bar to any further recovery of compensation for respondent's injury, is, by virtue of the full-faith-and-credit clause, exclusive of his remedy under the Louisiana act." The court then went on to say (p. 444) :

"The grounds of recovery are the same in one state as in the other—the injury to the employee in the course of his employment. The whole tendency of our decisions under the full-faith-and-credit clause is to require the plaintiff to try his whole cause of action and his whole case at one time. He cannot split up his claim and 'a fortiori, he cannot divide the grounds of recovery.'"

The court further stated:

"Respondent was free to pursue his remedy in either state but, having chosen to seek it in Texas, where the award was res judicata, the full-faith-and-credit clause precludes him from again seeking a remedy in Louisiana upon the same grounds."

It is argued by appellants that the following language in the settlement contract filed with the Industrial Commission of Illinois, "This settlement does not affect any rights that ap-

plicant may have under the Workmen's Compensation Act of the state of Wisconsin" constituted a reservation of employee's rights to additional benefits under the Wisconsin Compensation Act and that the employer should be estopped from questioning the right of the employee to proceed in Wisconsin. To sustain this contention considerable weight is given to a letter written by the Industrial Commission of Wisconsin to respondent insurance carrier on October 11, 1943, in which the commission informed respondent insurance carrier that the commission had informed claimant Kopp he could proceed under the Illinois act and thereafter claim compensation under the Wisconsin act, with credit to be given for the amount paid to him under the provisions of the Illinois act. The insurance carrier, through its attorney, replied under date of November 3, 1943, that it understood that if it (the insurance carrier) made payments to claimant under the Illinois Workmen's Compensation Act for this injury, credit would be given for these payments *in the event an award was made to Kopp under the Wisconsin act.* There is nothing in the letters or the provision of the settlement contract filed with the Illinois commission by which the insurance carrier waived any legal rights it had or granted any additional rights to claimant. It merely agreed that if claimant had any legal rights which he could establish in Wisconsin it was his privilege to do so. Claimant was not deceived in any way by the insurance carrier, as there is no evidence he knew anything about the letters that were exchanged between the Wisconsin commission and the insurance carrier, and on the hearing on the petition for payment of the lump sum, before the Illinois commission on December 3, 1943, claimant was informed by the commissioner in charge of the hearing that the settlement petitioned for was a full and final settlement of any claim against his employer, McCartin, for the injury sustained to his eye on May 5, 1943. Claimant then mentioned that the accident had been reported in Wisconsin. The commissioner informed claimant that he knew

nothing about his rights in Wisconsin and could not say that he would be protected there as he did not know, and asked him whether he fully understood this. Claimant then requested that the lump-sum settlement be allowed and he would take his chances in Wisconsin. There can be no question that he was fully informed and was not led to believe that any rights were specifically reserved for him under the Wisconsin act.

It is claimed that the *Magnolia Case, supra,* should not apply because under the Texas law an election to accept compensation in another state barred recovery in Texas while in the case under consideration there is no law barring recovery in both states. While the court stated in the *Magnolia Case* that it was not required to pass on this specific question, due to the Texas law, the case was decided wholly on the effect to be given to the full-faith-and-credit clause of the constitution, and to hold otherwise for the reason here urged would require us to disregard the language and reasoning used in the decision.

The next contention of appellants is that the award by the Industrial commission of Illinois was an interlocutory award, because it was subject to claimant's rights under the Wisconsin act, and therefore was not final and *res judicata,* and for this reason this case is not ruled by the *Magnolia Case, supra.* We have heretofore pointed out in this opinion that the lump-sum application was approved and an order entered in full and final settlement of any claim by reason of this injury, and that the language used in the settlement contract with reference to claimant's rights under the Wisconsin act did not constitute any condition or agreement affecting the rights of the parties, so it cannot be said that the Illinois award was an interlocutory award, and no claim is made that a final award by the Industrial Commission of Illinois is not *res judicata.*

Consideration has been given to other questions presented in appellants' brief, but we do not feel any useful purpose will

be served in further discussion, as it is considered this case is governed by the case of *Magnolia Petroleum Co. v. Hunt, supra.* State courts must conform to decisions of the United States supreme court, as they are the law on all matters involving a federal question even though they overrule the established law of many state courts. The rule announced in the *Magnolia Case* has been followed in the following cases: *Overcash v. Yellow Transit Co.* 352 Mo. 993, 180 S. W. (2d) 678; *Butler v. Lee Bros. Trucking Contractors,* 206 Ark. 884, 178 S. W. (2d) 58.

*By the Court.*—Judgment affirmed.

FRITZ, J., dissents.

RECTOR, J., took no part.