HARRY MIZRAHI'S CASE.

Suffolk.    November 6, 7, 1946. — February 1, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Workmen's Compensation Act,* Amount of compensation.    *Words,* "Benefits."

A longshoreman, who was totally incapacitated for a certain period through both an injury sustained while working on a pier and a later injury sustained while working on navigable water for the same employer, and who had received under the Federal longshoremen's and harbor workers' compensation act compensation for the period of incapacity in an amount greater than he would be given therefor under

the State workmen's compensation act, G. L. (Ter. Ed.) c. 152, as amended, was not entitled to compensation under the State act.

Compensation paid to a longshoreman under the Federal longshoremen's and harbor workers' compensation act was not his "savings or insurance" or "benefits" within § 38 of the State workmen's compensation act, G. L. (Ter. Ed.) c. 152, and was not thereby to be excluded from consideration in determining his right to compensation under the State act.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Morton*, J.

*S. B. Horovitz*, (*L. S. Locke*, *F. Rothschild*, & *B. A. Petkin* with him,) for the claimant.

*E. Field*, (*C. C. McCarthy* with him,) for the insurer.

QUA, J.   On November 16, 1940, the employee, while working as a longshoreman for Jarka Corporation of Boston, and while engaged upon a pier in piling heavy cases, received a personal injury consisting of double hernias, which, however, did not at that time cause incapacity.   On April 22, 1942, while working upon navigable water for the same employer, covered by the same insurer, the employee received a second injury, this time to his fingers, which did cause temporary total incapacity.   For this total incapacity the insurer paid compensation under the longshoremen's and harbor workers' compensation act, U. S. C. (1940 ed.) Title 33, § 901, et seq.   While so incapacitated, and while receiving compensation for total incapacity under the Federal act, the employee decided to have, and did have, an operation for the cure of the hernias.   This operation of itself would have caused total incapacity for ten weeks.   The employee now seeks total incapacity compensation for ten weeks under the State act.   But for the same ten weeks he has been paid by the same insurer total incapacity compensation under the Federal act, amounting, according to the record, to slightly more than the State act would give him.

The board ruled that the employee was not entitled to compensation under the State act (G. L. [Ter. Ed.] c. 152) for incapacity but allowed a small sum for a physician's fee under § 9A of the act as appearing in St. 1938, c. 381.   The

Superior Court took the same view, saving however to the employee any rights in respect of any future incapacity due to the hernias. The employee appeals.

Since both the compensation which the employee has received under the Federal act and that which he seeks under the State act are posited upon total incapacity and not upon specific injury and cover the same period of time, no amount of reasoning from technicalities can conceal the fact that the employee claims double compensation for the same loss. He stresses the conventional character of workmen's compensation payments and the self sufficient nature of each act. He cites *Thompson* v. *London & North Eastern Railway*, [1935] 2 K. B. 90, where it was held that an employee receiving compensation for partial incapacity resulting from one injury might receive additional concurring payments under the same act for loss of his remaining capacity resulting from a second injury. He cites *Walsh's Case*, 227 Mass. 341, *Whitehead's Case*, 312 Mass. 611, and *Harwood* v. *Wyken Colliery Co.* [1913] 2 K. B. 158, where it was held that an employee receiving compensation for partial incapacity might continue to receive it notwithstanding that a later noncompensable injury had brought on total incapacity. He cites *Mavroulias* v. *Mugiana*, 155 Pa. Super. Ct. 573, where it was held that an employee receiving under the Ohio act compensation for partial incapacity resulting from an injury in Ohio could nevertheless receive the full compensation allowed by the Pennsylvania act for a total incapacity subsequently brought on by an injury in Pennsylvania. Doubtless those cases present difficulties. One or two of them turned largely upon the structure and wording of particular acts. None of them goes so far as to hold that an employee who has already been fully paid the maximum amount allowed by any applicable statute can obtain additional payments for precisely the same loss. However, in *Shelby Manuf. Co. Inc.* v. *Harris*, 112 Ind. App. 627, not in a court of last resort, it was held, by a majority of the court only, that the widow of an employee who was concurrently employed by two employers, having recovered for his death under the Ohio act, could also recover for his death under

the Indiana act. We have seen no other decision that has gone so far.

It is unnecessary to discuss at length the policy of the law in general against double recovery for the same injury or loss. We are not convinced that we must overlook that policy in this instance. Under our own act, where two injuries contribute to cause the same total incapacity there is but a single recovery, and that is against the insurer who covered the risk at the time of the later injury. *Evans's Case,* 299 Mass. 435. *Falcione's Case,* 305 Mass. 433. *Borstel's Case,* 307 Mass. 24. *Blanco's Case,* 308 Mass. 574. See *Marhoffer* v. *Marhoffer,* 220 N. Y. 543; *Hoffman* v. *Chatham Electric Light, Heat & Power Co.* 249 N. Y. 433; *Fredenburg* v. *Empire United Railways, Inc.* 168 App. Div. (N. Y.) 618. Before the Supreme Court of the United States held in *Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, that an award of compensation in one State which was intended to be a complete and final adjudication is a constitutional bar to the recovery of additional compensation in another State having a more liberal law, there had been decisions that the latter State would allow credit in fixing the compensation under its own law for sums paid according to the law of the former State. *McLaughlin's Case,* 274 Mass. 217, 220, 222. *Migues's Case,* 281 Mass. 373. *Gilbert* v. *Des Lauriers Column Mould Co. Inc.* 180 App. Div. (N. Y.) 59. *McCartin* v. *Industrial Commission,* 248 Wis. 570. The rule last mentioned was adopted in the Restatement. Restatement: Conflict of Laws, § 403. The State act and the Federal act were plainly designed to operate independently in separate fields and not concurrently in the same field. The difficulty of ascertaining for how long one injury would have caused incapacity if there had been no other injury would in many cases prove an almost insurmountable obstacle to effective and just administration, if recovery could be had under both acts. All compensation acts rest upon the policy that the industry should bear the burden of industrial accidents, but there is no policy that justifies placing the burden upon the industry twice, especially where that results in paying the employee so much that it becomes to his advantage to re-

main away from work. Schneider, Workmen's Compensa-
tion Law (2d ed.) § 47, at page 412. The amount involved
in the present controversy is small, but if double recovery
is allowed for the same period of incapacity cases may arise
in which double or even manifold payments must be made
over long periods of time and not in accordance with the
policy of any act.

The employee further relies upon G. L. (Ter. Ed.) c. 152,
§ 38, which reads, "No savings or insurance of the injured
employee independent of this chapter shall be considered in
determining the compensation payable thereunder, nor shall
benefits derived from any other source than the insurer be
considered in such determination." But compensation pay-
ments received under the Federal act were not "savings or
insurance of the injured employee," and we do not believe
that the word "benefits" as used in this section was intended
to include payments received by the employee under some
other compensation act. This section was part of the orig-
inal act, St. 1911, c. 751, in which it appeared as § 12 of
Part II. At that time there was no longshoremen's and har-
bor workers' compensation act, and our own act did not
apply to injuries received outside the Commonwealth.
*Gould's Case*, 215 Mass. 480. St. 1927, c. 309, § 3. There
was then very little possibility that any employee who had
already received compensation under another act would
apply for compensation under our act. This section was de-
signed to make sure that the employee would not lose the
full advantage of any savings or insurance of his own and of
any sick benefits or other benefits to which he might be en-
titled from such sources as fraternal orders, benefit associa-
tions, pension plans governmental or otherwise, and the like.
In that field it should be broadly construed. But it cannot
reasonably be supposed that it was intended to save to the
employee the fortuitous advantage of receiving double com-
pensation for the same injury or incapacity. The report of
the commission on compensation for industrial accidents
(1912), referring to this section on page 50, mentions only
savings or insurance of the employee and says that the pro-
visions of this section were "introduced to encourage the

employee in habits of thrift." The section must be read as an integral part of the act and construed in harmony with the purposes of the act. This section did not prevent credit to the insurer for sums paid in another State in *McLaughlin's Case*, 274 Mass. 217, and *Migues's Case*, 281 Mass. 373.

We do not rest this decision on the ground that in this instance the payments made under the Federal act were "derived" from the very insurer from which the employee now seeks payment a second time and not "from any other source than the insurer." "Insurer" is defined by § 1 (7) of the act as "any insurance company authorized so to do which has contracted with an employer to pay the compensation provided for by this chapter."

For the reasons stated, we hold that the board and the court rightly ruled that since the employee had already received under the Federal act a larger sum than the State act would give him, he was not entitled to any compensation under the State act for the same period of total incapacity.

At one stage the Superior Court recommitted the case to the board for further facts. When the board's decision on recommittal was certified back to the court it contained at the end a sentence awarding compensation to the employee. It seems likely that this sentence was inserted by mistake, since the board had previously ruled that the employee was not entitled to compensation. At any rate, a few days later the board made a "corrected board decision" leaving the sentence out, and the "corrected board decision" was certified to the Superior Court. The employee contends that the board could not correct its decision after certification. Without implying that it could not, we find it unnecessary to decide the point, since even if the sentence awarding compensation must be deemed as still contained in the board's certified decision, the award cannot stand for the reasons hereinbefore stated. The decree of the Superior Court was right in any event. *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617, 620. *First National Stores Inc.* v. *H. P. Welch Co.* 316 Mass. 147, 151–152.

*Decree affirmed.*