[Civ. No. 13348. First Dist., Div. Two. June 20, 1947.]

INDUSTRIAL INDEMNITY EXCHANGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and WILLIAM T. WAGGONER, Respondents.

Leonard, Hanna & Brophy for Petitioner.

R. C. McKellips for Respondents.

GOODELL, J.—This is a proceeding to review an award to respondent Waggoner, of compensation of $30 a week and medical expenses. He made a contract in this state with Morrison-Knudsen Company to work at Promontory Point, Utah, on a piledriver, and was injured while working there. The employer's insurance carrier on the Utah job was the State Insurance Fund (of Utah), which accepted liability, and, without any formal award, paid Waggoner $16 a week plus medical expenses, under the Utah statute. Waggoner returned to California, his place of residence, and applied here, also, for compensation. Petitioner is the employer's insurance carrier in this state.

The commission in its award of $30 a week allowed no credit for the payments made under the Utah law, and the principal attack on the California award is that it results in double recovery for a single injury.

In a footnote to *Magnolia Petroleum Co.* v. *Hunt*, 320 U.S. 430 [64 S.Ct. 208, 88 L.Ed. 149, 150 A.L.R. 413], it appears that "No less than thirty-four states have enacted statutes which expressly permit recovery of workmen's compensation under specified circumstances for injuries received in another state." Although California is one of them (Lab. Code, § 5305) the question now presented seems never to have been passed on in this state. The authorities elsewhere, however, support the petitioner's position.

The Restatement of Conflict of Laws, section 403 says: "Award already had under the Workmen's Compensation

Act of another state will not bar a proceeding under an applicable Act, but the amount paid on a prior award in another state will be credited on the second award."

In 15 Negligence and Compensation Cases Annotated (N.S.) at pages 529-530 the following appears:

"In the situation where the employee is hired in one state and in the course of his employment is sent to another state where he is injured while engaged in the course of his employment, ·the weight of the state decisions has been that recovery could be had in the state of hiring or in the state of injury. Indeed, they permitted recoveries both in the state of hiring and in the state of the injury, the recovery of award in the second state—whichever that might be—being limited to the excess of what that state allowed over the first state's award."

In 1 Schneider's Workmen's Compensation (3d ed.) section 160, page 469, the author says: "Dual recovery for the same injury is generally not permitted where the compensation act of more than one state is properly applicable and the claimant's rights under each of the acts is invoked. There is some authority to the contrary, as will be noted hereinafter. It is not unusual to allow a second recovery after an award has been made or compensation has been paid under the law of another state. But when the second award has been made, the commissions and courts have generally required that credit be given for the compensation paid or awarded under the law of the other state.

"To allow double recovery is contrary to one of the fundamental principles of workmen's compensation, in that if the employee were to receive more compensation while disabled than while working, the temptation to malinger and prolong his period of disability would be unwisely increased. In addition this would be penalizing the employer for his industry in extending his business to other states, not to mention questions of interstate comity and res adjudicata. The author prefers in such cases the theory of concurrent jurisdiction and one recovery or credit for others. . . ."

The question has arisen in Massachusetts, New York and Wisconsin and in each of those jurisdictions the rule of the Restatement has been followed.

In *McLaughlin's Case*, 274 Mass. 217 [174 N.E. 338], the employee, a resident of Massachusetts, was hired there to work in New Hampshire, where he was injured. In holding

that the receipt by the employee of money from the insurer in New Hampshire, and the giving of a release, did not bar him from proceeding in Massachusetts, the court said, "The money received should be deducted from the amount he is permitted to recover, . . . ." And, further, "The employee cannot have double compensation and the money received in New Hampshire must be accounted for. The decree is to be modified by adding that execution shall issue for the sum awarded after deducting therefrom the amount received in New Hampshire."

*Migues' Case*, 281 Mass. 373 [183 N.E. 847], follows the McLaughlin case.

With respect to both these Massachusetts cases our Supreme Court in *Pacific E. I. Co.* v. *Industrial Acc. Com.*, 10 Cal.2d 567, 576 [75 P.2d 1058], said: "In each of these cases an award made in Massachusetts in favor of an employee was sustained notwithstanding the fact that compensation had also been allowed in another state, although the employer was allowed credit for the amount previously awarded."

The most recent utterance of the Massachusetts court is found in *Mizrahis Case*, 320 Mass. 733 [71 N.E.2d 383, 385], (Feb. 1. 1947) where it is said: "All compensation acts rest upon the policy that the industry should bear the burden of industrial accidents, but there is no policy that justifies placing the burden upon the industry twice, especially where that results in paying the employee so much that it becomes to his advantage to remain away from work. Schneider, Workmen's Compensation Law, 2d Ed. sec. 47, at page 412. The amount involved in the present controversy is small, but if double recovery is allowed for the same period of incapacity cases may arise in which double or even manifold payments must be made over long periods of time and not in accordance with the policy of any act . . . the board and the court rightly ruled that since the employee had already received under the Federal act a larger sum than the State act would give him, he was not entitled to any compensation under the State act for the same period of total incapacity."

In *Gilbert* v. *Des Lauriers etc. Co.*, 180 App.Div. 59 [167 N.Y.S. 274], where the employee, a New Yorker, had been injured in New Jersey and there had been an award in that state, the court held "that as long as the insurance carrier had been credited with the amount it had paid under the New Jersey award it was not an aggrieved party."

Prior to the case of *McCartin* v. *Industrial Com.*, 248 Wis. 570 [22 N.W.2d 522], the Supreme Court of Wisconsin was definitely committed to the rule of the Restatement that "the amount paid on a prior award in another state will be credited on the second award." *Interstate Power Co.* v. *Industrial Com.*, 203 Wis. 466 [234 N.W. 889]; *Salvation Army* v. *Industrial Com.*, 219 Wis. 343 [263 N.W. 349, 101 A.L.R. 1440]; *Wisconsin Bridge & Iron Co.* v. *Industrial Com.*, 222 Wis. 194 [268 N.W. 134]. However, while McCartin's application in Wisconsin was pending the Magnolia Petroleum case, *supra,* was decided. That the Wisconsin court felt that that decision was controlling appears from the following (22 N.W.2d 524): "The procedure approved in that case [*Salvation Army* v. *Industrial Commission, supra*] is the one that was followed here, and there would be no question about it being proper if it were not for the case of *Magnolia Petroleum Co.* v. *Hunt. . . .*" The Wisconsin commission had ordered the payment to the injured employee of certain benefits, after giving credit for the sums paid under the Illinois act. The circuit court set aside the Wisconsin commission's order on the authority of the Magnolia Petroleum decision, and the Supreme Court of Wisconsin affirmed the judgment on the same authority. Certioriari was granted by the Supreme Court of the United States "to determine the applicability of the full faith and credit clause, as interpreted in the Magnolia Petroleum Co. case, to the facts of this case" (*Industrial Commission* v. *McCartin,* 330 U.S. 622 [67 S.Ct. 886, 91 L.Ed. ——] decided March 31, 1947) and the judgment of the Wisconsin court was therein reversed, the court holding that "Since this Illinois award is final and conclusive only as to rights arising in Illinois, Wisconsin is free under the full faith and credit clause to grant an award of compensation in accord with its own laws. *Magnolia Petroleum Co.* v. *Hunt, supra,* thus does not control this case."

Wisconsin is thus found right where it was before the Magnolia Petroleum case was decided.

The McCartin case fulfills the prediction found in Horovitz on Workmen's Compensation (1944), page 41, that "Undoubtedly efforts will be made to limit the Magnolia Petroleum Company decision." "Sufficient faith and credit" says the author, at page 42, "are given to the first award when its entire amount is deductible from the second award, . . . ."

▉ In the instant case there was no formal award in

Utah, hence no question of a former judgment is involved nor anything in the nature of an adjudication. Moreover, nothing in the record indicates that there is any provision of the Utah statute making an award in that state final or exclusive. For these reasons the Magnolia Petroleum case has no more bearing here than it had in the McCartin case. Likewise we are satisfied that by accepting the Utah compensation Waggoner did not make an election of remedies or waive his right to apply in California under section 5305, Labor Code.

*Mizrahi's Case, supra,* decided four months ago, deals not with awards in two states for a single injury but with two awards (one under the federal Longshoremen's and Harbor Workers' Compensation Act, and the other under the Massachusetts act) for two separate injuries suffered in the same state. The case holds, as already indicated, that there could not be these overlapping awards. In our own state we have two companion cases somewhat similar, namely, *State Compensation Ins. Fund* v. *Industrial Acc. Com.*, 43 Cal.App.2d 233 and 236 [110 P.2d 510, 512], which hold (p. 237) that "the injured employee was entitled to receive but one total temporary disability award over the same period even though he received two separate injuries." If double recoveries may not be had for two separate injuries suffered or treated at about the same time in the same state it is difficult to see why the rule should be different with respect to double recoveries (in two states) for the same injury.

■ When respondent filed in California the statute of limitations was pleaded. The injury was on October 26, 1944, while the application was filed on June 12, 1945, more than six months thereafter. The commission held that the claim was not barred because it had been filed within six months after the last payment of compensation. That payment, of course, was under the Utah proceeding. The commission, while so holding, nevertheless refused to credit the Utah payments.

Strictly speaking, compensation paid under the laws of one state is entirely independent of that under the laws of another. However, if credit is to be given in California for the Utah payments (as we are sure it should be), then the last Utah installment may properly be treated as a "payment" within the meaning of section 5405, Labor Code, sufficient to toll the statute of limitations. If it is to be taken into

account for one purpose it should be taken into account for all purposes. For these reasons we are satisfied that the claim herein was not barred.

The award is annulled with directions to respondent commission to modify its award so as to extend to the petitioner herein credit, on account of respondent commission's award, for all payments made by, or for the account of, the State Insurance Fund (of Utah).

Nourse, P. J., and Dooling, J., concurred.