BETTY JANE GEHRING *vs.* NOTTINGHAM LACE WORKS, INC.

SAME *vs.* LINWOOD LACE WORKS, INC.

JULY 20, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   These are two original petitions for dependents' compensation brought by Betty Jane Gehring, the widow of Edward H. Gehring, who seeks compensation

for herself and two minor children under the workmen's compensation act, general laws 1938, chapter 300, article II, §6, as amended. Each case is before us on the appeal of the respondent from the entry of a decree in the superior court which awarded compensation to the petitioner.

The evidence is undisputed that she is the widow of Edward H. Gehring, who was killed in an air plane accident in the Azores on October 28, 1949; that in addition to petitioner, the decedent was survived by two minor children; that as testified to by John T. Godfrey, who was treasurer of Linwood Lace Works, Inc. and president of Nottingham Lace Works, Inc., Gehring was employed by *both* respondents at the time of his death. Unless otherwise stated, the respondents will be referred to as Nottingham and Linwood.

The decedent spent two days a week in Rhode Island, one day with each respondent. Linwood is located in Coventry and Nottingham in West Warwick. Both are manufacturing corporations. The decedent was on the pay roll of both companies, receiving $55 a week from the former and $50 per week from the latter for somewhat different kinds of work. He also received annual bonuses from each company running into many thousands of dollars in the course of a year. In addition he was employed by Gehring Laces, Inc., being its sales manager, and also by Retail Laces, both being New York corporations.

The evidence shows that petitioner had filed with the New York workmen's compensation board a claim for death benefits against four corporations, namely, Gehring Laces, Inc., Retail Laces, Linwood Lace Works, Inc., and Nottingham Lace Works, Inc., the latter two being respondents herein. A further suit against the air-line company is still pending. The New York compensation board held that it had no jurisdiction over the two respondent Rhode Island corporations and dismissed the petitions as to them. It found that Retail Laces had less than the required number

of employees to be subject to the New York act and made an award to petitioner against Gehring Laces, Inc. of benefits which are admittedly larger than those provided by the Rhode Island act.

In his decision in the instant cases the trial justice found that Edward H. Gehring was an employee of both respondents at the time of his death; that he died as a result of a personal injury arising out of and in the course of his employment with the respondents; that he was married to petitioner; that he had two children under eighteen years of age dependent upon him; and that his burial expenses were $2,483.50, at least one half of which was reasonable. A decree was thereafter entered in each case awarding to petitioner the sum of $18 per week for six hundred weeks, together with $300 for burial expenses.

The respondents contend that at the time of his death Edward H. Gehring was not an employee of either respondent as that term was then defined by the workmen's compensation act; that the court erred in finding that he was killed in an accident arising out of and in the course of his employment with them; and further that, assuming there can be successive awards, the amount of the first must be deducted from the second. In other words they contend that there must be contribution as between both respondent employers and that full compensation cannot be awarded as to each. The respondents finally contend that since petitioner had already received compensation in New York under the workmen's compensation act of that state in excess of the amount allowed by the law of Rhode Island, she cannot recover further compensation against the Rhode Island respondents.

We cannot agree with their first contention. The word "employee" is defined in G. L. 1938, chap. 300, art. IX, §1 (b), in force at the time of Gehring's death, as follows: "The word 'employee' means any person who has entered into the employment of, or works under contract of service

or apprenticeship with any employer, and whose remuneration does not exceed $3,000.00 a year * * *."

In *Livingstone Worsted Co.* v. *Toop*, 48 R. I. 368, the court construed this definition of the word "employee," stating that where one is employed at a weekly wage that results in remuneration in excess of $3,000 a year, he is an employee within the meaning of the act if the employer and employee relationship is subject to termination by either party. It further stated at page 369: "On the facts appearing in this cause we are of the opinion that the deceased was an 'employee' of the petitioner within the meaning of said Act. The deceased had no contract of service with petitioner for wages exceeding $3,000 a year. His term of employment was by the week. At the end of any week he could cease working for petitioner or the petitioner could discharge him. * * * As he had no contract of service for a year it can not be said that his remuneration for a year would exceed $3,000."

As stated, Edward H. Gehring's base pay with Nottingham was $50 per week and with Linwood $55 per week. It is true that he received bonuses from both companies which resulted in remuneration for the year 1949 in excess of $3,000. However, it is clear that the bonuses were paid only in the discretion of James Beattie and Harry Gehring, the persons who controlled the corporations. The decedent did not know in advance whether bonuses were to be paid during the year and if any were paid how much they would be. It is equally clear from the testimony of John T. Godfrey, the only witness for petitioner, that Gehring could have resigned or severed his connection with respondents at the end of any week of service or that he could have been discharged by the employers at the end of any such weekly period. In our opinion, therefore, he was an employee of each respondent under the term "employee" as interpreted in *Livingstone Worsted Co.* v. *Toop, supra*.

We have carefully examined the transcript to determine whether there is any basis for the second finding of fact in each decree that Edward H. Gehring died as a result of a personal injury arising out of and in the course of his employment with each respondent. John T. Godfrey testified that the purpose of Gehring's trip to Europe "was more or less two fold: He would be interested in purchasing French lace and, at the same time, would be interested in obtaining designs and patterns that *we* could use in the manufacturing of laces here." (italics ours)  He further testified: "He did obtain quite a few patterns, but unfortunately *we* lost most of them in the crash." (italics ours)  From such testimony in connection with other evidence in the record, we cannot say that there was no legal evidence, either direct or by way of reasonable inference, to support the second finding of fact contained in each decree.

The respondents contend that full compensation cannot be awarded against each corporation and that contribution should be allotted as between them. We cannot agree with this contention.  It might contain merit if Gehring's employment had been joint so far as these respondents are concerned.  However, in our opinion the contracts of his employment with the instant respondents were concurring contracts, not joint, thus giving rise to a separate claim for compensation against each corporation.  Clearly the terms as to wages and the time allotted to each corporation were distinct and different.  Each corporation paid him independently for his services to it.  In the circumstances each should be held separately liable on its own contract of employment.

The case of *Shelby Manufacturing Co.* v. *Harris,* 112 Ind. App. 627, presents an analogous situation.  In that case the employee, a resident of Cincinnati, Ohio, was concurrently employed as a salesman by Glenn Garment Company located in Ohio and by Shelby Manufacturing Company located in Indiana.  During the course of his employment

with both companies he was killed in an automobile accident in Ohio. His widow sought and obtained an award against the Glenn Garment Company before the industrial commission of Ohio. Subsequently she brought another action in Indiana against Shelby Manufacturing Company. Nothwithstanding the fact that petitioner had received full compensation in Ohio against Glenn Garment Company. of that state, the Indiana appeals court approved a full award under the compensation law of that state against Shelby Manufacturing Company.

The Indiana court pointed out that the contract of decedent with the Glenn Garment Company was made in Ohio and was governed by the law of that state and the contract with the Shelby Manufacturing Company was made in Indiana and was governed by the compensation law of that state, the employer having accepted the terms thereof. The court stated in its opinion: "No persuasive reason has been advanced why an employer should be relieved from the payment of compensation because a separate and independent concurrent employer has paid compensation under the laws of another state. There are no statutory provisions that govern the situation herein and no public policy is involved. No unfair or inequitable recovery and no double recovery from a single employer is involved * * *. It seems to us that the Indiana compensation law was intended to govern and apply only to compensation awarded under such law, and that none of its provisions purport to cover or be affected by compensation payments made under the laws of another state as the result of an award against a separate independent concurrent employer."

In this connection it should be noted that G. L. 1938, chap. 300, art. II, §14, provides: "No savings or insurance of the injured employee, independent of this chapter, shall be taken into consideration in determining the compensation to be paid hereunder, *nor shall benefits derived from*

*any other source than the employer be considered in fixing the compensation under this chapter.*" (italics ours) Since the benefits paid to petitioner elsewhere have been derived from other sources and not from either of the employers here, clearly there is nothing to be subtracted from the benefits payable to the petitioner under our act.

The respondent's appeal in each cause is denied and dismissed, each decree appealed from is affirmed, and each cause is remanded to the workmen's compensation commission for further proceedings.

BETTY JANE GEHRING *vs.* LINWOOD LACE WORKS, INC.

ON MOTION FOR REARGUMENT.

OCTOBER 21, 1954.

PER CURIAM. After our opinion in the above case, the respondent requested and received permission to file a motion for leave to reargue. In support of its contention that justice requires a reargument, it has called to our attention the cases of *Jackson Trucking Co.* v. *Interstate Motor Freight System,* 122 Ind. App. 546, and *Rice* v. *Keystone View Co.,* 210 Minn. 227. In our judgment these cases are distinguishable.

In the *Jackson Trucking Co.* case the court held that the contract of employment with the two respondents was joint, whereas we have held that "the contracts of his [the deceased employee's] employment with the instant respondents [Nottingham Lace Works, Inc. and Linwood Lace Works, Inc.] were concurring contracts, not joint, thus giving rise to a separate claim for compensation against each corporation."

We point out further that in the Indiana case there was evidence to support that court's holding to the effect that where two employers, one general and one special, had so associated themselves together that both were in direct control of the employee and he was made accountable to

both, he would be considered an employee of both and both would be jointly chargeable with the responsibilities of his employment. In the instant case there is no such evidence.

In the *Rice* v. *Keystone View Co.* case the commission held that the employee was in the concurrent employment of the Keystone View Company and Bell & Howell Company and was fatally injured while in the course of his employment with *both* companies. On a review of this decision the supreme court of Minnesota held that the employment of the deceased with both companies was *concurrent*. However, the opinion goes on to state: "* * * we think the joint award of the commission was correct." No distinction was made between joint and concurrent contracts of employment and apparently in that state a joint recovery may be had not only against joint employers but also against separate concurrent employers. It is not clear from the opinion whether this is a judicial conclusion or is based upon express language of their workmen's compensation act.

In any event our statute contains no express provision for contribution as between employers under separate and concurrent contracts of employment. In the circumstances we are of the opinion that such a provision should not be read into the statute because it would appear to be more properly a matter for consideration by the legislature.

Motion denied.

BETTY JANE GEHRING *vs.* NOTTINGHAM LACE WORKS, INC.

ON MOTION FOR REARGUMENT.

OCTOBER 21, 1954.

PER CURIAM. After our opinion in the above case was filed, the respondent by leave of court filed a motion for reargument, setting forth therein certain reasons on which it bases its contention that justice requires a reargument of the case. We have carefully considered those reasons

and in our judgment they present no matter which was not fully considered and passed upon in reaching the conclusion stated in our opinion.

Motion denied.

*Higgins & McCabe, Eugene V. Higgins, Sylvester Benjamin,* of New York Bar, for petitioner.

*Boss & Conlan, Henry M. Boss, James C. Bulman,* for respondent Nottingham Lace Works, Inc.

*Greenough, Lyman & Cross,* for respondent Linwood Lace Works, Inc.