McGehee Hatchery Co. *v*. Gunter.

5-2483                                    350 S. W. 2d 608

Opinion delivered November 6, 1961.

*Gannaway & Gannaway*, for appellant.

*House, Holmes, Butler & Jewell*, for appellee.

George Rose Smith, J. This is a claim by the appellee, Keno R. Gunter, for benefits under the Arkansas workmen's compensation law. Gunter, a resident of Mississippi, was injured on January 22, 1958, in a traffic accident upon a Mississippi highway. At that time he was employed as the manager of Warren Produce Company, a Mississippi concern, at a salary of $550 a month, and was also employed as a traveling salesman

by the appellant, an Arkansas concern, at a salary of $285 a month.

Gunter first asserted a claim against Warren Produce Company and its insurance carrier, under the Mississippi workmen's compensation law. Upon that claim he received benefits totaling $12,391.50, which included $5,764.15 for medical and hospital expense and $6,627.35 as payments for disability. About a year after the accident Gunter filed this claim against the appellant and its insurance carrier for similar benefits under Arkansas law. Without going into the merits of the claim the commission, citing *Butler* v. *Lee Bros. Trucking Contractors,* 206 Ark. 884, 178 S. W. 2d 58, held that the payment of maximum benefits under Mississippi law barred Gunter from asserting a claim under Arkansas law. The circuit court reversed the commission's decision and directed that the entire claim be considered on its merits.

Our holding in the *Butler* case does not bar the present proceeding. There we considered ourselves bound by the decision in *Magnolia Petroleum Co.* v. *Hunt,* 320 U. S. 430, 88 L. Ed. 149, 64 S. Ct. 208, 150 A. L. R. 413, where the Supreme Court had declared that the allowance of a workmen's compensation claim in Texas constituted, under the full faith and credit clause, a complete defense to the assertion of the same claim in Louisiana. But later on the *Hunt* case was very nearly overruled by the holding in *Industrial Comm. of Wisconsin* v. *McCartin,* 320 U. S. 622, 91 L. Ed. 1140, 67 S. Ct. 886, 169 A. L. R. 1179, where the court held that the second claim would be barred only if the law of the first state so declared, which is not the situation in the case at bar. For a discussion of all three prior cases see Leflar, Conflict of Laws, 3 Ark. L. Rev. 18, where the author concludes: "In the light of the later *McCartin* case, it seems that a second award, such as was sought in Arkansas in the *Butler* case, is permissible if it is not barred by the terms of the first award. Of course there can be no double recovery, however; only

the difference by which the second award is greater than the first may be recovered."

This possibility of a double recovery presents the second question in this case. Where there is only a single employer the imposition of duplicate liability under the applicable laws of two states is universally condemned. "To allow double recovery is contrary to one of the fundamental principles of workmen's compensation." Schneider, Workmen's Compensation (Perm. Ed.), § 160; see also Leflar, The Law of Conflict of Laws, § 138. In some decisions, such as *Mizrahi's Case,* 320 Mass. 733, 71 N. E. 2d 383, the second claim has been rejected as a matter of policy. In the great majority of cases, however, the smaller award is merely credited upon the larger one. *Cook* v. *Minneapolis Bridge Const. Co.,* 231 Minn. 433, 43 N. W. 2d 792; *Hughey* v. *Ware,* 34 N. M. 29, 276 P. 27; *Salvation Army* v. *Industrial Comm.,* 219 Wis. 343, 263 N. W. 349, 101 A. L. R. 1440. In the only case allowing a double recovery against the same employer, *Texas Employers' Ins. Assn.* v. *Price,* Tex. Civ. App., 300 S. W. 667, the court pointed out that the total amount of the two disability awards did not equal the employee's wages; so he was receiving less than full compensation. Within less than a year after the *Price* decision was rendered the Texas statute was amended to expressly prohibit a double recovery. Texas Laws, 1927, ch. 259, § 1.

Where there are two employers, however, a different situation exists. In the case at bar Gunter received a salary from his Mississippi employer and another salary from his Arkansas employer. If he was injured in the course of his employment for both concerns we think it clear that he has sustained two distinct wage losses during his disability. That he may have received weekly payments under Mississippi law, amounting to a percentage of his Mississippi salary, is not a sound reason for denying weekly payments under Arkansas law to compensate the loss of his Arkansas salary. Ark. Stats. 1947, § 81-1313.

We have found no similar case involving disability payments, but in the field of death benefits there is authority to support our conclusion. In 1949 Edward H. Gehring was killed in the course of his employment for a New York company and for two Rhode Island companies. Death benefits were allowed in both states. In the New York case the court stressed the fact that the awards were based upon different wage losses, it being said: ''But it is not a double recovery in the true sense, since the award in each state is based solely upon the earnings of the employee in that state.

''The decedent's earnings in the New York employment were so great that they entitled his dependents to the maximum death benefits under the New York statute, without taking into account the decedent's earnings in the Rhode Island employments. Similarly, the decedent's earnings in the Rhode Island employments were sufficient to warrant a maximum award under the law of that state, without taking into account the decedent's earnings in his New York employment. A different situation would be presented if the claimant had sought a recovery in each state, in an amount which was computed upon the basis of the total earnings of the decedent in his employments in both states, but no such problem is presented here.'' *Gehring* v. *Gehring Laces,* 286 App. Div. 382, 143. N. Y. S 2d 17.

The companion Rhode Island case is *Gehring* v. *Nottingham Lace Works,* 82 R. I. 190, 106 A. 2d 923, 108 A. 2d 514, where, however, the court relied in part upon a statute providing that no benefits from any other source should be considered in fixing compensation. In a later case the court pointed out that the *Gehring* decision did not support the allowance of two awards against the same employer. *Scialo* v. *Luisi,* ........ R. I. ........, 161 A. 2d 194. A third case in which death benefits were allowed against two separate employers is *Shelby Mfg. Co.* v. *Harris,* 112 Ind. App. 627, 44 N. E. 2d 315.

Upon the reasoning followed in the above cases we think it proper for the Arkansas commission to consider,

upon its merits, the matter of making a disability award to compensate the appellee for the loss of his **Arkansas** earnings. To this extent the judgment of the circuit court is affirmed.

On the other hand, we think it almost too plain for discussion that Gunter is not entitled to be unjustly enriched by receiving a duplicate cash award for hospital and medical expenses that have already been paid in full by his Mississippi employer. Exactly the same public policy that condemns a double recovery against the same employer, even though he may have two policies of compensation insurance in two different states, also condemns Gunter's claim for hospital and medical expense. In our study of the cases we have not found a single instance in the United States in which a double recovery of this kind has been approved.

It is argued that the situation is analogous to recovery upon two policies of accident insurance or fire insurance. Such a statement was made, entirely as dictum, in one early case. *Rounsaville* v. *Central R. Co.,* 87 N. J. Law 371, 94 A. 392, reversed on other grounds, 90 N. J. Law 176, 101 A. 182. A leading writer, in referring to the *Rounsaville* dictum, has said that "it was once erroneously suggested that a complete double recovery under the acts of two states might be possible, on the strength of the discredited analogy of recovering on two private contracts of accident insurance." Larson, Workmen's Compensation, § 85.70. In the same vein the New Mexico court has said tersely, "The analogy is false." *Hughey* v. *Ware,* 34 N. M. 29, 276 P. 27.

The fallacy in the *Rounsaville* dictum is readily apparent. In the first place, the primary duty is upon the employer, not the insurance carrier, and that duty is to "provide" medical and hospital care. Ark. Stats., § 81-1311. The basic legislative purpose is to furnish those services to the injured workman, not to enrich him by a monetary payment for a financial loss not actually suffered by him.

Secondly, in the field of accident insurance and the like the parties are free to contract or not to contract as they choose. That is not true in the field of workmen's compensation, where the benefits are fixed by law rather than by private agreement. If an employer should happen to have two policies of compensation insurance in force at the same time it would not be seriously contended that his employees were thereby entitled to double benefits. Indeed, that situation has arisen in cases too numerous to cite; liability has often been divided between the insurers, but we have found no case in which a double recovery has been permitted or even suggested. The point seems so clear and the authorities so completely in accord that we think further discussion to be unnecessary.

With respect to the claim for medical and hospital expense the circuit court's order is modified to conform to this opinion.