MIDWEST DREDGING COMPANY and
CONTINENTAL INSURANCE COMPANY
*v.* Terry Jo ETZBERGER

CA 80-309                                     606 S.W. 2d 619
Court of Appeals of Arkansas
Opinion delivered October 29, 1980

*Laser, Sharp, Haley, Young & Huckabay, P.A.*, for appellants.

*Herby Brascum, Jr.*, for appellee.

MARIAN F. PENIX, Judge. Terry Joe Etzberger, appellee, was injured while he was working for Midwest Dredging Company. The accident resulting in the injury occurred on the Yazoo River in the state of Mississippi. Midwest Dredging Company is an Arkansas coporation with its principal place of business in Fort Smith, Arkansas. Etzberger is a resi-

dent of Perry County, Arkansas. Etzberger's brother, who was working in Louisiana for the appellant company Midwest, called Etzberger from Plaquemine, Louisiana telling him of a job opening with Midwest. Etzberger went to Plaquemine and was interviewed by Midwest's foreman, Harry Faulkner. Etzberger filled out a W-2 form in Louisiana and began work for Midwest. At no time did Etzberger perform any work for Midwest in the state of Arkansas. The Commission found it had jurisdiction because a "contract for hire"; was made in the state of Arkansas. The appellants, Midwest and its carrier, Continental Insurance Company, have appealed the Commission's decision.

Midwest contends there is no substantial evidence a contract for hire was consummated in Arkansas. Therefore, Midwest contends the claim for benefits should be brought either in the state of Mississippi or Louisiana where Etzberger had an adequate remedy.

Midwest and Etzberger both cite *International Paper Company* v. *Tidwell*, 250 Ark. 623, 446 S.W. 2d 488 (1971):

> We have no hesitation holding that where the contract of employment is entered into in this state between an Arkansas resident and an employer who was localized as the resident or who maintains an office which exercises general supervision and control over the employment which is not carried on at a fixed location, the Arkansas Workers' Compensation Act applies and the Arkansas Workers' Compensation Commission had jurisdiction, even though the injury occurred in a state in which it was contemplated by the parties that the employment could be entirely performed. The result is consistent with our previous decisions earlier cited. It is also harmonious with Restatement of Law, Conflicts of Law, § 398.

Midwest attempts to distinguish the case at hand. Tidwell, a resident of Arkansas, reported to the employer's office at Camden where he took a physical examination prior to reporting to work at Jefferson, Texas. Midwest contends Tidwell was actually hired in Arkansas as distinguished from

Etzberger who, Midwest contends, was actually hired in Louisiana. Midwest cites several decisions from other jurisdictions which seem to hold the pivotal point to be decided is the state where the actual "contract of hire" occurs. Midwest argues Etzberger did not have a "contract of hire" prior to reporting to work at Plaquemine, Louisiana because Etzberger's brother was not in a position to hire or fire anybody.

Justice Fogleman, writing in *Tidwell*, supra, said:

In considering cases involving out-of-state accidents, we have followed a policy of liberality rather than restrictiveness. In *McGehee Hatchery Co.* v. *Gunter*, 234 Ark. 113, 350 S.W. 2d 608, we held that a Mississippi resident, who was a traveling salesman for an Arkansas concern, injured in an accident in Mississippi, was entitled to pursue his claim against his Arkansas employer under Arkansas law in spite of the fact that he had been paid maximum benefits under Mississippi law for the same accident by a Mississippi employer. We also rejected a narrow and restricted construction when we said that an employment did not cease to be "carried on in this state" by reason of only temporary and incidental operations in another state, in holding that an employer was subject to the act, even though he did not have five employees, unless those working in Missouri at the time one of them was injured were counted. *Feazell* v. *Summers*, 218 Ark. 136, 234 S.W. 2d 765. We also found no sound reason that the laws of a state in which an employee was injured could keep this state from discharging its contractual obligation under the Workmen's Compensation Act to one of our citizens. *Gentry* v. *Jett*, 235 Ark. 20, 356 S.W. 2d 736.

In considering federal constitutional limits on application of state laws in compensation cases, Professor Larson points out six grounds on which the applicability of a particular compensation act has been asserted. They are:
(1) Place where the injury occurred;
(2) Place of making the contract;

(3) Place where the employment relation exists or is carried out;

(4) Place where the industry is localized;

(5) Place where the employee resides; or

(6) Place whose statute the parties expressly adopted by contract.

Professor Larson then expresses the opinion, which seems to be supported by authority, that the state which was the locus of any one of the first three items and perhaps of the next two, can constitutionally apply its statute if it wants to, in spite of "full faith and credit" attacks. 3 Larson's Workmen's Compensation Law 368, § 86.10.

Etzberger's brother called him about a job opening. Etzberger accepted the job and started for Louisiana. He didn't go to Louisiana seeking employment. He knew there was a job for him when he reached Louisiana. He filled out the W-2 in Louisiana because it an easier, more practical location for him to do so. Etzberger verbally accepted the job described by his brother. He ratified his acceptance by going immediately to Louisiana to fill the job.

We find the Arkansas Workers' Compensation Commission has jurisdiction of this cause. We find substantial evidence in the record for the purpose of the Arkansas Workers' Compensation Law from which to conclude the contract of hire occurred in Arkansas, thus giving the Arkansas Workers' Compensation Commission jurisdiction of this claim. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979).

Affirmed.

NEWBERN, J., concurs.

WRIGHT, C.J., PILKINTON, J., and HAYS, J., dissent.

DAVID NEWBERN, Judge, concurring. Contrary to the majority opinion, I believe the sole question is whether there was substantial evidence in the record to support the com-

mission's factual conclusion that the contract was entered in Arkansas. This decision does not involve the need for a liberal interpretation of the Act, and thus I find the discussion of *International Paper Company* v. *Tidwell*, 250 Ark. 623, 466 S.W. 2d 488 (1971), unnecessary if not misleading.

In addition, I disagree with the statement that the appellee was "interviewed" in Louisiana. This is a factual conclusion that appellants would have us reach. I find substantial evidence that the job was being held for the appellee by Midwest, and thus I concur in the result.

JAMES H. PILKINTON, Judge, dissenting. I cannot agree with the three of my fellow judges who are affirming this case. The affirmative opinion (there is no majority here) states "We find substantial evidence in the record for the purpose of the Arkansas compensation law from which to conclude *the contract of hire occurred in Arkansas*, thus giving the Arkansas Workers' Compensation Commission jurisdiction of this claim." (Emphasis supplied). I cannot find such evidence.

Both the appellant and appellee rely on *International Paper Company* v. *Tidwell*, 250 Ark. 623, 466 S.W. 2d 488 (1971). I certainly have no problem applying the law of that case to the facts in the case at bar. It seems to me that *Tidwell* certainly supports the position of appellant here; and I would reverse this case.

The evidence shows that Etzberger's brother was a laborer himself, and was not in a position to hire anyone. The brother simply called Etzberger and told him over the phone about a job opening in another state. The record shows that Etzberger, acting on this information, went to Louisiana seeking a job. He was interviewed there by a person who did have authority to hire him, and he was then employed. Therefore, under the facts of this case, the claim for benefits should be filed either in Louisiana, where Etzberber was hired, or in Mississippi, where the accident occurred. He has an adequate remedy in either of those states.

In my opinion, the Arkansas Workers' Compensation Commission does not have jurisdiction because, under this

record, there is no substantial evidence to show that the "contract for hire" was made in Arkansas. Therefore I would reverse and dismiss.

I am authorized to state that Wright, C.J., and Hays, J., join in this dissent.