Michael L. PATTON *v.* BROWN AND ROOT, INC. and
Highlands Insurance Company

CA 89-493                                    789 S.W.2d 745

Court of Appeals of Arkansas
Division II
Opinion delivered June 6, 1990

*Griffin, Rainwater & Draper, P.A.,* by: *Gary M. Draper,* for
appellant.

*Shackleford, Shackleford & Phillips, P.A.,* for appellee.

JAMES R. COOPER, Judge. The parties in this workers'
compensation case stipulated that the appellant received a
compensable injury while working for the appellee Brown and
Root Construction Company in Louisiana, and that, if the
Arkansas Workers' Compensation Commission had jurisdiction,
the appellant was entitled to stipulated permanent partial disabil-
ity benefits. The parties also stipulated that, for jurisdictional
purposes, the only contact with Arkansas was that the appellant
was a permanent resident of Arkansas. The only issue before the
Commission was whether his Arkansas residency was a sufficient
basis for the Commission to exercise its jurisdiction. The Com-
mission held that it was not. From that decision, comes this
appeal.

For reversal, the appellant contends that the Commission
erred in concluding that the employee's Arkansas residency alone
was not a sufficient basis to invoke the Commission's jurisdiction.

We affirm.

The appellant is a welder who performs work for several construction companies in any of several different states. He is a resident of Arkansas, and was injured while working for the appellee Brown and Root in Louisiana.

Normally, the question of whether the Workers' Compensation Commission has jurisdiction of a claim is a mixed question of law and fact insofar as the Commission's factual findings regarding jurisdiction are subject to the substantial evidence standard of review. *International Paper Co.* v. *Tidwell*, 250 Ark. 623, 466 S.W.2d 488 (1971). Here, however, the parties stipulated that the only contact with Arkansas is the appellant's residency, and the question before us is therefore one of law. *See id.*

There must be a statutory basis for entertaining a claim before the Workers' Compensation Commission can exercise jurisdiction. *Tidwell, supra.* The Arkansas Workers' Compensation Act does not specify what extrastate situations it covers. *Id*; R. Leflar, *American Conflicts Law*, § 161 (3d ed. 1977). However, an employer's liability under the Act is based upon disability or death from an injury arising out of and in the course of employment, Ark. Code Ann. § 11-9-401 (1987), and "employment" is defined as every employment (subject to specified exceptions) *carried on in the state.* Ark. Code Ann. § 11-9-102 (1987).

Therefore, the application of the Arkansas Workers' Compensation Act is limited by its terms to harms arising out of employments carried on in Arkansas. This statutory provision must be applied liberally in favor of a claimant in light of the humane purposes of the act. The *Tidwell* court so applied the act when it held that the Arkansas Workers' Compensation Commission had jurisdiction where an employment contract is entered into in Arkansas between an Arkansas resident and an employer who is localized as a resident or who maintains an office which exercises general superintendence and control over the employment which is not carried on at a fixed location, even though the injury occurred in a state in which the parties contemplated that the employment would be entirely performed. *Tidwell*, 250 Ark. at 633. Similarly, the Supreme Court liberally construed the act in *Missouri City Stone, Inc.* v. *Peters*, 257 Ark. 917, 521 S.W.2d

58 (1975). The *Peters* court found that the Commission had jurisdiction where the employee, an Arkansas resident, was hired by a telephone call placed to him at his Arkansas residence; where the employer maintained an office in Arkansas and paid the employee by checks drawn on an Arkansas bank; and where the injury occurred on the job site in Oklahoma. Finally, in *Midwest Dredging Co.* v. *Etzberger*, 270 Ark. 936, 606 S.W.2d 619 (Ark. App. 1980), we found substantial evidence to support the Commission's finding that the contract of hire was concluded in Arkansas, and held that this was sufficient to confer jurisdiction on the Commission.

By liberally applying the provisions of the Workers' Compensation Act, the *Tidwell, Peters*, and *Etzberger* courts concluded that the Commission was authorized to exercise jurisdiction under the circumstances of those cases. We are unable to do so in the case at bar. As we have noted, the act limits coverage to injuries arising out of employments carried on in the state, Ark. Code Ann. §§ 11-9-102 and 11-9-401 (1987), and the cases cited above all contain circumstances which, viewed in the light of liberal construction, connect the employment, and not merely the employee, to Arkansas. As noted, by stipulation of the parties, the only circumstance in the case at bar bearing on jurisdiction is that the appellant is an Arkansas resident, and facts connecting the state with the employment *per se* are entirely lacking. Therefore, the statutory basis required for the Commission's jurisdiction is absent, *see Tidwell, supra*, and we hold that the Commission correctly decided that the appellant's Arkansas residency, standing alone, is not a sufficient basis to invoke its jurisdiction.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.