Adrian McKEAG *v.* HUNT TRANSPORTATION, INC.

CA 91-46                                          818 S.W.2d 581

Court of Appeals of Arkansas
Division II
Opinion delivered November 6, 1991

*Jay N. Tolley*, for appellant.

*Davis, Cox, & Wright*, by: *Constance G. Clark*, for appellee.

ELIZABETH W. DANIELSON, Judge. Appellant Adrian McKeag was employed as a truck driver for Hunt Transportation, Inc., a Nebraska based company, when he suffered a heart attack while preparing to load his trailer. The Arkansas Workers' Compensation Commission found that it did not have jurisdiction over McKeag's claim for compensation benefits. We affirm.

McKeag was employed with appellee from October 1985 until January 1987 when he quit his job in order to accept a job with Wal-Mart where he worked for approximately two weeks. In April 1987, McKeag sought to be rehired by appellee and called the Hunt offices in Omaha, Nebraska, from his home in Bentonville, Arkansas.

McKeag traveled to Omaha, filled out employment papers, took his physical and driving exams, and was again employed by appellee. Within a week of reestablishing employment with appellee, he moved his family to Mattawan, Michigan, where he has remained a resident since that time. McKeag continued to drive a truck for appellee until he suffered a heart attack while working in Ohio in August of 1987. McKeag contends his heart attack is causally related to his employment.

The only question before us is whether the Arkansas Workers' Compensation Commission has jurisdiction over this matter. Relying on *Midwest Dredging Company* v. *Etzberger*, 270 Ark. 936, 606 S.W.2d 619 (Ark. App. 1980), McKeag contends the commission has jurisdiction over this case because the contract for his employment with appellee was made in Arkansas when he telephone David White in Omaha, Nebraska, and was told to "come on back." In *Etzberger*, this court applied Professor Larson's six grounds dealing with the constitutional limits on which the application of a particular compensation act may be asserted, now found in 4 Arthur Larson, *The Law of Workmen's Compensation* § 86.10 (1990). This court in *Etzberger* held that the commission had jurisdiction over the claim on the basis that a contract for hire occurred in Arkansas. In that case the claimant, an Arkansas resident, accepted a job with an Arkansas company over the telephone from his brother, who had called from

Louisiana. Claimant then went to Louisiana where he was interviewed and began work. At no time did claimant perform work for Midwest in Arkansas.

In the case at bar, there is nothing in the record to establish who David White, the person McKeag claimed he talked with is, what exactly was said in his telephone conversation with McKeag, what authority, if any, David White had been given by appellee to hire McKeag, and what was intended by the words "come on back." Thus, there is not enough evidence that a contract for hire was made in Arkansas. Further, since McKeag traveled to Nebraska to fill out the necessary employment papers and take the required exams, it would appear that the contract was accepted, and thus completed, in Nebraska.

The court in *Etzberger* and also in *International Paper Co.* v. *Tidwell*, 250 Ark. 623, 466 S.W.2d 488 (1971), held that the commission had jurisdiction in those cases not only because the employment contract was made in Arkansas but also because the employer was localized or maintained an office exercising general supervision and control over its employees in Arkansas. In the case at bar, appellee did not have terminals in Arkansas and did not have a place of business in Arkansas where it exercised any type of control over its employees. McKeag testified that he had made some deliveries in Arkansas while employed with appellee, but as the full commission properly concluded, this is not a strong enough link with Arkansas to allow the Arkansas Workers' Compensation Act to be applied to this case.

■ The *Etzberger* and *Tidwell* cases applied the act liberally and connected the employment, and not merely the employee, to Arkansas. *Patton* v. *Brown & Root, Inc.*, 31 Ark. App. 141, 789 S.W.2d 745 (1990). As the full commission pointed out in its opinion, unlike the employer in *Etzberger* and *Tidwell*, the employer in this case did not have an office in Arkansas, did not issue paychecks from an office in Arkansas, and did not initiate contact with the claimant in Arkansas regarding employment. McKeag is not even a resident of Arkansas. Thus, since the facts connecting McKeag's employment with appellee to Arkansas are lacking, the statutory basis required for the commission's jurisdiction is absent. *See id.*

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.