The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75502
Dear Senator Dowd:
This is in response to your request for an opinion, on behalf of a constituent, on whether Arkansas law allows for the coverage of "temporarily" placed employees under an Arkansas workers' compensation policy. The correspondence attached to your request also indicates a question as to whether the law of Arkansas would apply to workers' compensation claims of such employees, when the employment they perform occurs in Texas, and/or the employees reside in Texas.
The correspondence attached to your request indicates that the particular employment in question is with a Texarkana "employment agency" which places temporary workers both in Arkansas and in Texas. All employees are interviewed and hired in the Arkansas office and each employee signs an agreement that the principal location of their employment is in Arkansas. (Such an agreement is authorized by Texas law. See TX Civ. St. Art. 8308-3.17).
It is my opinion that Arkansas law does provide for the coverage of "temporary workers." The question of which state's law will apply to a particular employee, however, will depend upon all the facts surrounding the particular injury.
Arkansas workers' compensation law defines an "employee" as "any person, including a minor, whether lawfully or unlawfully employed in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession, or occupation of his employer." A.C.A. § 11-9-102 (2). This language is broad enough to cover "temporary" workers, assuming they are not "casual" employees as defined above.
The question of which state's law will apply to a particular injury is less clear. It has been stated recently that "[t]he Arkansas Workers' Compensation Act does not specify what extrastate situations it covers." Patton v. Brown Root, Inc.,31 Ark. App. 141, 789 S.W.2d 745 (1990). Professor Robert A. Leflar has noted that under the Arkansas act, this question is left "to the Commission and the courts to figure out for themselves." Leflar, Conflict of Laws: Arkansas 1973-77,
32 Ark. L. Rev. 1978.
It is of course clear, however, that an Arkansas resident, employed by an Arkansas company, and performing the employment in Arkansas, would be entitled to pursue an Arkansas workers' compensation claim for an injury occurring in Arkansas. The employment in such a case would clearly be "an employment carried on in the state" for purposes of A.C.A. § 11-9-102 (3). It is also clear, moreover, that an Arkansas resident who enters into a contract of employment in Arkansas and is paid under the supervision of the employer's Arkansas office is entitled to pursue a workers' compensation claim in Arkansas despite the fact that he was injured while performing the employment outside the state. International Paper Co. v. Tidwell, 250 Ark. 623,466 S.W.2d 488 (1971). Similarly, where an Arkansas resident accepted a job over the phone from a Missouri corporation which had a part-time office in Arkansas and was thereafter injured in Oklahoma, Arkansas could entertain jurisdiction of the claim.See Missouri City Stone, Inc. et al v. Peters, 257 Ark. 917,521 S.W.2d 58 (1975). Additionally, where an Arkansas resident accepts a job in Louisiana over the telephone at his Arkansas residence, and is injured in Louisiana, Arkansas has jurisdiction of the claim because he is a resident and the contract of hire occurred in Arkansas. Midwest Dredging Co. v. Etzberger,270 Ark. 936, 606 S.W.2d 619 (1980). We also know, however, that where the only circumstance bearing on jurisdiction is that the claimant is an Arkansas resident, (where the employment contract, employment, and injury occurred in another state), the Workers' Compensation Commission does not have jurisdiction to entertain the claim. See Patton, supra.
It is thus clear that Arkansas residency alone will not support an Arkansas workers' compensation claim. Arkansas residency, however, is not a prerequisite for Arkansas to exercise jurisdiction. See McGehee Hatchery Co., v. Gunter,234 Ark. 113, 350 S.W.2d 608 (1961), (Mississippi resident who was a traveling salesman for an Arkansas concern, injured in an accident in Mississippi, was entitled to pursue his claim against his Arkansas employer under Arkansas law). Rather, the Arkansas Workers' Compensation Commission and the courts will analyze all the relevant factors connecting the injury to Arkansas to determine if jurisdiction is proper.
The Arkansas Supreme Court has stated that for Arkansas to entertain the claim, there must be a "significant relationship" with Arkansas, and Arkansas must have a "legitimate interest in the injury." See Missouri City Stone, Inc. et al v. Peters,257 Ark. 917, 521 S.W.2d 58 (1975), and Robinson v. Ed WilliamsConstruction Co., 38 Ark. App. 90 (1992). All the relevant factors, including the place of contract of hire, the place of employment, the place where the injury occurred, the residency of the employee, and the place of business operations of the employer are to be considered in determining whether there is a "significant relationship" with Arkansas. It has also been noted, however, that despite these concerns, there must be a statutory basis for jurisdiction (currently found at A.C.A. § 11-9-102
(3)), which requires that the employment be "carried on in the state." It has been held that the employment does not cease to be "carried on in the state" where temporary and incidental operations of an Arkansas-centered business are carried on outside the state. Feazell v. Summers, 218 Ark. 136,234 S.W.2d 765 (1950).
It thus appears that Arkansas law "allows for" the coverage of temporarily placed workers under an Arkansas workers' compensation policy, if, in light of the factors and cases discussed above, Arkansas has a significant relationship with the injury, and the employment was "carried on in this state." Whether the requisite factors are present and whether the statutory test for jurisdiction in Arkansas has been met is a mixed question of law and fact. Patton, supra at 142.
The question of whether the State of Texas would entertain a workers' compensation claim by an employee of this employment agency will depend upon the law of Texas. It has been stated that "all states having a legitimate interest in the injury have the right to apply their own diverse rules and standards, either separately, simultaneously, or successively." Robinson, supra
at 93, citing Missouri City Stove, supra. If the employee is a resident of Texas and the injury occurs outside of Texas, it appears that Texas jurisdiction will depend upon whether the "employment was principally located in [Texas]," or whether "the employee has . . . significant contacts with [Texas]," both as defined by Texas statute. See TX Civ. St. Art. 8308-3.14. If the injury occurs in Texas, it appears that the jurisdictional question will hinge upon a "most significant relationship" test.See, e.g., Total Oilfield Services v. Garcia,711 S.W.2d 237 (Texas 1986).
I do not, however, possess any particular expertise with regard to the law of Texas, and would therefore suggest that further inquiry into the laws of Texas be addressed to that State, or to private legal counsel.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana Cunningham Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh