Maudie BAKER *v.* FROZEN FOOD EXPRESS TRANSPORT

CA 98-200                                                  981 S.W.2d 101

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered September 23, 1998

[Substituted Opinion Upon Denial of Rehearing
delivered December 9, 1998.]

*Marc I. Baretz*, for appellant.

*Rieves & Mayton*, by: *David S. Wilson, III*, for appellee.

MARGARET MEADS, Judge. Appellant appeals from a decision of the Arkansas Workers' Compensation Commission, which held it

did not have jurisdiction over her claim and dismissed her claim for benefits.

In March 1995, Maudie Baker, an Alabama resident, was employed as an over-the-road truck driver for appellee Frozen Food Express Transport (FFE), a Texas company. In the performance of her job duties, appellant traveled the forty-eight contiguous states and Canada. She sustained an injury on June 24, 1995, at a truck stop in Earle, Arkansas, when her truck was hit by another truck attempting to park. Appellant notified FFE, and a wrecker took her truck back to Texas. Appellant rode with the wrecker driver. Appellant received medical treatment and indemnity and medical benefits through August 23, 1996, under the Conwell Voluntary Employee Benefit Plan, which provided benefits for employees who sustained injury due to an accident in the course and scope of their employment.[1] On August 26, 1996, Conwell denied appellant's request for an extension of benefits and notified her that any further medical treatment would have to be approved by her health insurance carrier. Subsequently, appellant filed a claim for workers' compensation benefits in Arkansas seeking temporary total disability and medical expenses. At the hearing on appellant's claim, FFE contended that Arkansas has no jurisdiction.

Appellant testified that she resides in Alabama and was hired in Georgia by FFE, whose main office is in Dallas, Texas. She said she had occasion during her employment to drive through Arkansas twice a week from March until June. There were other FFE trucks on the road in Arkansas, and there was a designated fuel stop in West Memphis at which other FFE drivers were present. The accident occurred while appellant was in her employer's truck parked at a truck stop in Earle, Arkansas, taking a DOT-mandated eight-hour break. She testified further that she thought she was making a delivery in Arkansas, but could not remember where, and that FFE had a drop yard (a yard full of both empty and loaded FFE trailers) in Arkansas, but she could not tell the law judge where the yard was. The yard has no supervisory personnel and is strictly a place where a driver goes to pick up a trailer.

On June 30, 1997, the law judge issued an opinion which denied and dismissed appellant's claim on the finding that the Arkan-

---

[1] Texas allows an employer to provide an alternate payment for workers' compensation, and appellee does not have workers' compensation available through the State of Texas.

sas Workers' Compensation Commission had no jurisdiction over her claim. The law judge relied upon *International Paper Co. v. Tidwell*, 250 Ark. 623, 466 S.W.2d 488 (1971); *McKeag v. Hunt Transp, Inc.*, 36 Ark. App. 46, 818 S.W.2d 581 (1991); and *Patton v. Brown & Root, Inc.*, 31 Ark. App. 141, 789 S.W.2d 745 (1990), and stated:

> In short, the respondent-employer is not localized in Arkansas, and it does not have an office or facility which exercises general supervision and control over its employees in Arkansas. The contract of hire between the claimant and the respondent-employer was made in Georgia. Although the respondent—employer has trucks traveling on highways in Arkansas and occasionally making delivers [sic] in Arkansas, the Court's decision in *McKeag, supra*, compels a conclusion that these activities are not sufficient to link the claimant's employment with the State of Arkansas. Moreover, the respondent-employer has not engaged in sufficient activity in the State of Arkansas for this State to regulate the actual enterprise of the company. Thus, even though the claimant's injury may have occurred in Arkansas, this is not sufficient to establish a link between the claimant's employment and Arkansas. Therefore, I find that the statutory presumption of jurisdiction in this State has been rebutted and that a preponderance of the evidence fails to establish that the Arkansas Workers' Compensation Law can be applied to this claim.

The full Commission affirmed and adopted the law judge's opinion.

For reversal, appellant first argues that the Commission has jurisdiction over her claim because her injury occurred in Arkansas. Neither party has cited us to any case in which the sole connection to the State of Arkansas was the place of injury, and appellee admits there is not a single case directly on point.

■ ■ The question of whether the Workers' Compensation Commission has jurisdiction of a claim is a mixed question of fact and law; as far as the factual determinations are involved, the findings of the Commission are conclusive if supported by substantial evidence. *International Paper Co. v. Tidwell, supra*. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

■ The purpose of our workers' compensation laws is to pay benefits to legitimately injured workers who suffer an injury arising out of and in the course of their employment. Ark. Code Ann. § 11-9-101(b) (Repl. 1996). Under prior law in existence before the

effective date of Act 796 of 1993, "employment" was defined as "every employment carried on in the state" (Ark. Code Ann. § 11-9-102(3)(A) (1987)), and under prior decisions the application of the act was limited to harms arising out of employments carried on in Arkansas. *Patton, supra.* The courts found that the employment and not merely the employee must be connected to Arkansas. *McKeag, supra; Patton, supra.* Further, under prior law the statutory provisions were liberally applied. Ark. Code Ann. § 11-9-704(c)(3) (Supp. 1991); *Patton, supra.* Under the new law, "employment" is defined as "every employment in the state," Ark. Code Ann. § 11-9-102(12)(A) (Repl. 1996), and "administrative law judges, the commission, and any reviewing courts shall construe the provisions of [the Arkansas Workers' Compensation Law] strictly." Ark. Code Ann. § 11-9-704(c)(3) (Repl. 1996).

■ ■ Here, appellant is an Alabama resident, who was hired in Georgia by appellee, a Texas company. FFE is neither localized nor does it maintain an office exercising general supervision and control over its employees while in Arkansas. Although appellant testified that she "thought" she was making a delivery in Arkansas, that is not a strong enough link with Arkansas to cause our workers' compensation law to be applied in this case. *McKeag, supra.* Neither do we think, under a strict construction of our workers' compensation law, that having a designated fuel stop in West Memphis, trucks on the road in Arkansas, and a drop yard without supervisory personnel provide that link. Thus, under the facts of this case, the statutory basis needed for the Commission's jurisdiction is lacking.

■ We recognize that appellant has argued that *McKeag, supra,* is distinguishable because the employment-related injury in the instant case occurred in Arkansas. However, we do not think that requires us to reverse the Commission's decision. *McKeag* cited *International Paper Co. v. Tidwell,* 250 Ark. 623, 466 S.W.2d 488 (1971), where our supreme court liberally interpreted our statute and held that the Commission had jurisdiction not only because an employment contract was made in Arkansas but also because the employer was localized or maintained an office exercising general supervision and control over its employees in Arkansas. In holding that the Commission had jurisdiction, our supreme court articulated the State's interest in protecting its residents and emphasized the interest Arkansas has in the welfare of its residents, in minimizing the likelihood of their becoming public charges or objects of local charity, in having a procedure for a remedy readily available to its residents, and in secur-

ing compensation to physicians and hospitals in Arkansas which might not otherwise be available to a claimant. We simply note that none of these interests are present in the instant case.

■ ■ Appellant next argues that appellee failed to present any evidence to rebut the statutory presumption of jurisdiction. Arkansas Code Annotated section 11-9-707(a) (Repl. 1996) provides that in any proceeding for the enforcement of a claim for compensation, a prima facie presumption shall exist that the Workers' Compensation Commission has jurisdiction. Whether a rebuttable presumption is overcome by the evidence is a question of fact for the Commission to determine. *Weaver v. Whitaker Furniture Co.*, 55 Ark. App. 400, 935 S.W.2d 584 (1996). Here, the Commission found that the statutory presumption of jurisdiction had been rebutted, and we believe there is substantial evidence to support its conclusion.

■ At the hearing, the ALJ said that in determining whether the Arkansas Workers' Compensation Commission had jurisdiction, he would consider such things as where the employer was located, where the contract of hire was entered into, and any business conducted in this state by the employer. Appellant's own testimony established that she resides in Alabama, she was hired in Georgia, and FFE's main office is in Dallas, Texas. She stated that there were at least 500 drivers working for FFE when she was hired, and she would see on average three other FFE drivers when she stopped at the designated fuel stop in West Memphis. The designated fuel stop was not owned by FFE but was simply where drivers were allowed to stop and fuel their trucks, and there were designated fuel stops all over the country. During her employment with FFE, appellant traveled not only across Arkansas but throughout the contiguous forty-eight states and Canada. Moreover, the exhibits introduced in evidence reflect that the employer's payroll account and its voluntary employee injury benefit plan are administered in Texas. We agree with the Commission that this evidence is sufficient to rebut the statutory presumption.

Finally, appellant argues that she has met her burden of proving an injury. However, we need not reach this issue in light of our finding that the Commission had no jurisdiction over appellant's claim.

Affirmed.

ROAF, CRABTREE, PITTMAN, AREY, and JENNINGS, JJ., agree.