Maudie BAKER *v.* FROZEN FOOD EXPRESS TRANSPORT

98-1254                                    987 S.W.2d 658

Supreme Court of Arkansas
Opinion delivered March 4, 1999

*Marc I. Baretz*, for appellant.

*Rieves & Mayton*, by: *Eric Newkirk*, for appellee.

W H. "DUB" ARNOLD, Chief Justice. Appellant, Maudie Baker, an Alabama resident, challenges the Arkansas Workers' Compensation Commission's determination that it lacked jurisdiction to hear her claim against the appellee, Frozen Food Express Transport ("FFE"), a Texas Company. Baker filed her claim against FFE seeking benefits as a result of a June 24, 1995, injury that occurred at a truck stop in Earle, Arkansas. Baker also contends that the Commission erred in find-

ing that FFE rebutted the statutory presumption of jurisdiction. We find no merit in appellant's arguments, and we affirm.

FFE hired Baker in Atlanta, Georgia, in March of 1995, to work as an over-the-road truck driver throughout the forty-eight contiguous states and Canada. According to Baker, FFE had approximately five hundred drivers traveling across the United States and Canada. During her employment with FFE, Baker drove through Arkansas approximately twice a week from March until June. Baker testified that FFE had other trucks on the road in Arkansas and that FFE designated a specific fuel stop, not owned by FFE, in West Memphis, Arkansas. Baker estimated that four FFE drivers were stopped at the West Memphis fuel stop at one time. Pay stubs, offered into evidence, indicated that FFE paid Baker's salary through its payroll account in Dallas, Texas, the location of the company's headquarters.

At the time of the accident, Baker was taking a DOT mandated eight-hour break when another truck, attempting to park, hit her truck. Baker recalled that she was in Arkansas making a delivery, but could not remember where, and that FFE had a drop yard, full of empty and loaded trailers, somewhere in Arkansas. However, she acknowledged that FFE maintained no supervisory personnel at the drop yard. Following the accident, Baker notified FFE, and a wrecker took her and her truck back to Texas, where she received medical care, indemnity, and medical benefits through August 23, 1996.

Texas provides employers an alternative to workers' compensation payments, and FFE provided Baker's benefits through such a plan, the Conwell Voluntary Employee Benefit Plan. FFE, via Conwell, paid Baker $6,636.57 in indemnity benefits and $20,145.32 in medical benefits. However, on August 26, 1996, Conwell denied Baker's request for extended benefits and informed her that further medical treatment would require her health-insurance carrier's approval. Following the denial of additional benefits, Baker sought workers' compensation benefits in Arkansas.

■ On June 30, 1997, an administrative law judge determined that the Arkansas Workers' Compensation Commission lacked jurisdiction over Baker's claim and denied and dismissed the action. The full Commission affirmed and adopted the administrative law judge's opinion. Subsequently, Baker appealed to the Arkansas Court of Appeals. In a substituted opinion upon denial of rehearing, the appellate court affirmed the Commission's decision and held that the Commission lacked jurisdiction to entertain Baker's claim. *Baker v. Frozen Food Express Transport*, 63 Ark. App. 100, 981 S.W.2d 101 (1998). Pursuant to Ark. Sup. Ct. Rule 2-4 (1998), we granted review of the Court of Appeals' decision. Notably, when we grant a petition to review a case decided by the Court of Appeals, we review it as if it was filed originally in this court. *See Williams v. State*, 328 Ark. 487, 944 S.W.2d 822 (1997) (citing *Allen v. State*, 326 Ark. 541, 932 S.W.2d 764 (1996)).

*Jurisdiction*

■ ■ The appellant contends that the Arkansas Workers' Compensation Commission erred in finding that it lacked jurisdiction over her claim. Baker also argues that the Commission erred in finding that FFE rebutted the statutory presumption of jurisdiction. The jurisdictional question is a mixed one of fact and law. Whether a rebuttable presumption of jurisdiction is overcome by the evidence is a question of fact. *See Ester v. National Home Ctrs., Inc.*, 335 Ark. 356, 364, 981 S.W.2d 91, 95 (1998). Accordingly, this court will view the evidence in the light most favorable to the Commission's decision and affirm when that decision is supported by substantial evidence. Substantial evidence exists if reasonable minds could reach the same conclusion. We will not reverse the Commission's decision unless fair-minded persons could not have reacged the same conclusion when considering the same facts. *Ester*, 335 Ark. at 361, 981 S.W.2d at 94.

■ ■ Arkansas Code Annotated section 11-9-707 (Repl. 1996), provides that, in any proceeding for the enforcement of a compensation claim, a prima facie presumption shall exist that the

Workers' Compensation Commission has jurisdiction. In reaching its decision that it lacked jurisdiction in the instant case, the Commission considered the grounds outlined by this court in *International Paper Co. v. Tidwell*, 250 Ark. 623, 630, 466 S.W.2d 488, 492 (1971), including (1) the place where the injury occurred, (2) the place of making the contract, (3) the place where the employment relationship exists or is carried out, (4) the place where the industry is localized, (5) the place where the employee resides, or (6) the place whose statute the parties expressly adopted by contract. This court noted in *Tidwell* the State's interest to have a remedial procedure available for its residents and to secure compensation for its resident physicians and hospitals. *Tidwell*, 250 Ark. at 633, 466 S.W.2d at 493-94.

Here, the Commission concluded that the exhibits offered into evidence and Baker's own testimony overcame the statutory presumption. For example, the appellant's sole connection with the State of Arkansas is the location of her injury, and appellee's sole connections with the State are the existence of a designated fuel stop and an unsupervised drop yard in Arkansas. On the other hand, Baker and FFE entered into an employment relationship in Georgia, and FFE paid Baker from its Texas headquarters. FFE also administered the Conwell plan from Texas, and Baker received benefits in Texas. Baker carried out her duties throughout the United States and Canada. Moreover, Baker is a resident of Alabama.

Given the instant facts, we hold that the Commission had substantial evidence to determine that it lacked jurisdiction over Baker's claim. The appellant's final point, suggesting that this court make its own determination regarding the merits of her claim and the compensability of her injury, is not properly before us on appeal. Accordingly, we affirm.